No. 95.—CHARLES CLEGHORN, plaintiff in error, *vs.* ALEXANDER J. ROBISON, defendant.

[1.] Plea, that defendant signed the note sued on as surety, and that it was agreed between him and his principal that another should sign it, also, as co-surety, before it was delivered, which was not done: *Held*, that this is not a plea of *non est factum*, and need not be verified.

Action on note, in Muscogee Superior Court. Decision by Judge ALEXANDER, May Term, 1850.

This was a suit against Alexander J. Robison, on a note made by one McNeil, and Robison as surety. Plea—that defendant signed the note by agreement with principal, that John Banks should sign the same as co-surety, before it was delivered to the payee, which he never did.

Plaintiff's attorney demurred to the plea, on the ground that it amounted to a plea of *non est factum*, and was not verified, as required by the Statute.

The Court overruled the demurrer, and this decision is excepted to as erroneous.

H. L. BENNING, for plaintiff in error.

JAS. JOHNSON, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The demurrer to this plea was properly overruled, because it is not, in our judgment, a plea of *non est factum*. What facts does it set forth? Why, that the defendant is surety on the note, and that when he signed it as surety, it was agreed between him and the principal, that one John Banks should also sign it as co-surety, before it was delivered, and that said Banks never did sign it, as agreed. This plea does not amount to a plea of *non est factum*. The liability of the defendant depends upon this agreement. If it was not carried out, he is not liable. The plea does not put in issue the execution of the note by the defendant. It in fact admits it, and sets up the agreement and the non-compliance with it, as a legal bar to recovery. It is not in denial,

but in avoidance of the note.   If a note or bond be void, *ab initio,* the plea of *non est factum* is proper, but if voidable only, the facts must be specially pleaded.   This note is good upon its face ; the plea does not put in issue its execution, but sets up *extrinsic* matter in avoidance; such matter as could not be proved under the plea of *non est factum.*   If this be true, how is it a plea of *non est factum ?*   Such, I apprehend, is the doctrine of the Common Law. 1 *Chitty's Pleadings,* 479, 480.   *Lambert vs. Atkins,* 2 *Camp. R.* 272, 273.   *Com. Dig. Pleader,* 2, *W.* 18.   2 *Sald.* 675.   2 *Wils. R.* 352.   1 *Story's R.* 151, 152.   1 *N. & McCord,* 554.   2 *Ibid,* 425.   12 *Johns. R.* 337.

If this be a plea of *non est factum,* then it would have been a good plea, if it, in the simple technical language, had denied the note without stating the grounds of that denial—without setting forth the agreement and the non-compliance with it.   Would that have been sufficient under our statute ?   Clearly not.

Let the judgment be affirmed.