Rawson *vs.* Davis, Jones, *et al.*

---

WILLIAM A. RAWSON, plaintiff in error, *vs.* WILLIAM F. DAVIS, Sheriff, JOHN W. JONES, *et al.*, defendants in error.

(Judge HARRIS did not preside in this case.)

When an execution has been levied on the property of the defendant sufficient to pay the debt, and afterwards such levy is dismissed by the plaintiff without the sale of the property, the mere fact of the dismissal of the levy by the plaintiff, when shown to have been unproductive, does not destroy the lien of his judgment and postpone the same in favor of junior judgment creditors.

Rule against sheriff and motion to distribute money. Decided by Judge CLARKE. Randolph Superior Court. November Term, 1867.

This case came up upon an agreed statement of facts, and without the record.

William F. Davis, sheriff, had certain money arising from the sale of the property of Seaborn A. Smith, and William A. Rawson wished to have it applied to a *fi. fa.* which he held by transfer from Bemis & Prescott, plaintiffs in *fi. fa., vs.* said Smith, to the exclusion of the *fi. fa.* which had brought the money into court, and certain other *fi. fas.* These were all younger than Rawson's *fi. fa.*, but it was contended that Rawson's *fi. fa.* was in law paid off, or that plaintiffs in that *fi. fa.* had abandoned their lien. Upon this issue was joined.

It was agreed that the Judge should hear the evidence and decide the matter without a jury.

The Bemis & Prescott *fi. fa.* issued from Randolph Superior Court, and was returnable to its May Term, 1856. It called for $2,300, with $—— interest and $—— costs. In 1858 it had been levied on a house and lot in Cuthbert, and also on slaves (admitted by counsel to have been at the time sufficient in value to have paid the same.) On the 5th November, 1858, the defendant had paid Bemis & Prescott $765, and they receipted for it on the *fi. fa.* On the same day the sheriff wrote on the *fi. fa.* a dismissal of the levies, reciting that he had dismissed them without a sale of the property, by order of the plaintiffs. And on the same day plaintiffs transferred the *fi. fa.* to Rawson.

The plaintiffs in the junior judgments examined SMITH, the defendant in the *fi. fas.*, who testified: that he paid Rawson $200, for which he took no receipt, and which had not been credited on the *fi. fa.;* that the levies were dismissed by Bemis & Prescott and not by Rawson, to whom the *fi. fa.* was afterwards transferred; he did not pay Bemis & Prescott anything for dismissing the levies, the $200 paid Rawson was for holding up the *fi. fa.* for twelve months after he had arranged for taking the transfer, and knew what he paid. The money was paid and transfer made and the levies dismissed at the same time, plaintiffs, defendant and Rawson all being present and understanding the arrangement.

RAWSON testified: that he paid in full to Bemis & Pres-

cott what the *fi. fa.* called for at the date of the transfer; that the levies had been dismissed before the transfer; nothing was paid for said dismissal, but Smith paid Rawson some money (he did not remember how much) in consideration of his holding up the *fi. fa.* for twelve months.

The Court held that the junior judgments should take the money in preference to the older judgment, and of this Rawson complains.

H. FIELDER, for plaintiff in error, cited § § 3584, 5853 of the Code.

W. D. KIDDOO, HOOD, C. D. WOOTTEN, for defendants in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case, is in deciding that the junior judgment creditors were entitled to the money, to the exclusion of the older *fi. fa.* The *fi. fa.* in favor of Bemis & Prescott, was levied upon the defendant's property sufficient to satisfy the same. On the 5th day of November, 1858, the defendant paid part of the money due on the *fi. fa.*, and the plaintiffs ordered the levy to be dismissed, the sheriff making the following entry on the *fi. fa.*: "Levy dismissed by order of the plaintiffs *without a sale of the property*." Subsequently the *fi. fa.* was transferred by the plaintiffs to Rawson, and the defendant paid him two hundred dollars for twelve months' indulgence thereon, which was not credited on the *fi. fa.* Upon this statement of facts, it is insisted that Rawson's *fi. fa.* lost its lien upon the defendant's property, and should be postponed in favor of the junior judgment creditors of the defendant. By the 3607th section of the Revised Code, it is declared that "A levy upon personal property sufficient to pay the debt, *unaccounted for,* is *prima facie* evidence of satisfaction to the extent of the value of such property, and the dismissal of a levy *unexplained* is an abandonment of the lien so far as third persons are concerned." The levy made on the defendant's property

*is* accounted for; it was dismissed by order of the plaintiffs *without a sale thereof.* The dismissal of the levy on the execution is also accounted for, or rather *explained,* so far as to show that it was not satisfied out of the defendant's property. When a levy has been made on the defendant's property and dismissed, it must be shown that the execution was *not satisfied thereby ;* for if it is *unexplained,* it will be considered as an abandonment of the lien, so far as third persons are concerned. In this case it was explained, and shown that the execution was not paid off or satisfied, either by the *money* or *property* of the defendant. A levy upon property, or the dismissal of a levy may be accounted for or explained, as any other facts may be explained. The question in such cases to be settled is, whether the execution has in fact been satisfied, either by the money of the defendant or his property. In the absence of proof to the contrary, the legal presumption is that it has, when the levy is not *accounted for,* or the dismissal of the levy is not *explained ;* but like any other legal presumption, it may be rebutted by the *facts of the case.* In Ryan vs. Lieber, (30th Ga. Rep., 433,) this Court held that the levy of an execution on personal property, which has been dismissed by the plaintiff or his attorney, without being *productive,* and when no injury has resulted from such dismissal, sufficiently accounts for and explains such levy, to authorize the plaintiff to proceed with its collection, and to enable it to participate in the distribution of a fund in court, raised from the sale of the defendant's property, according to its priority. This, in our judgment, is a fair and *practical* exposition of the rule applicable to such cases. What good reason can be given, why a plaintiff who has levied his execution upon the defendant's property, and dismissed it, either from motives of humanity or otherwise, without obtaining *satisfaction thereof,* should lose his lien? The two hundred dollars paid by Rawson in this case, was not paid to him to *release* the property of the defendant. The levy had been dismissed by the plaintiffs before the execution was transferred to him; the money was paid to him after he became the owner of the execution, by the defendant, for indulgence,

and did not affect his judgment *lien* upon the defendant's property. According to the facts presented by this record, the *fi. fa.* controlled by Rawson had not lost its lien upon the defendant's property, and should not have been postponed in favor of the junior *fi. fas.* against the defendant.

Let the judgment of the Court below be reversed.