ANN E. HOBBS, plaintiff in error vs. M. M. CODY, guardian, defendant in error.

Any party at interest who is dissatisfied with a judgment of the Ordinary, may appeal to the Superior Court on payment of costs and giving security for future costs, except in a case involving the removal of an administrator, etc., and this right of appeal on the terms indicated extends also to cases where the Ordinary has given judgment for money against an administrator, or guardian under a citation for a settlement, as provided by section 1830 of the Revised Code.

The Act of 16th March, 1869, requiring all causes of action accruing before 1st of June, 1865, to be sued by the 1st of January, 1870, does not apply to a suit by a ward against his guardian to compel an account, if the ward does not come of age until after June, 1865, since the cause of action—the refusal of the guardian to account—did not accrue until the ward came of age.

Appeal from Ordinary. Guardian and Ward. Statute of Limitations. Tried before Judge ANDREWS. Warren Superior Court. October Term, 1871.

The petition of Ann E. Hobbs to the Ordinary of Warren county, filed on August 2d, 1870, showed that James Hobbs departed this life intestate in the year 1850, and that Jane Hobbs became his administratrix; that there were eleven distributees of said estate; that on February 1st, 1860, it was ascertained that each distributee was entitled to $415.13; that M. M. Cody became the guardian of petitioner and of Brewer Hobbs, two of said distributees; that on the day and

year aforesaid, said guardian received the full shares of petitioner and of the said Brewer, in said estate; that petitioner became of age on September 8th, 1869, and has frequently demanded a settlement of said Cody, who has heretofore refused; that Brewer Hobbs died some time during the late war intestate and without wife or child; that petitioner as his sister is one of his heirs-at-law, and is entitled to a ninth portion of his estate; that said Cody became, by the operation of law, administrator upon his estate, prays for a rule *nisi* requiring said Cody to appear and settle. The Ordinary rendered a judgment in favor of Ann E. Hobbs for the sum of $459, principal debt, besides interest. M. M. Cody being dissatisfied entered an appeal as follows: "The plaintiff (?) being dissatisfied with the judgment of the Ordinary in the above stated case, and having paid all costs which have heretofore accrued thereon, brings N. Gallaher and tenders him as security on appeal; and the said M. M. Cody and N Gallaher acknowledge themselves held and bound unto the Ordinary and his successors in office, for the payment of such further sum of costs as may accrue in said case by reason of the appeal. This September 6th, 1870.

                    M. M. CODY,              [ls]
                    NICHOLAS GALLAHER.       [ls]
Attest:

    T. H. Gibson, Notary Public."

Upon the trial in the Superior Court, plaintiff moved to dismiss the appeal upon the following grounds, to-wit:

1st. Because the appeal bond was made payable to the Ordinary of Warren county.

2d. Because said bond was conditioned to pay all future costs, and was not conditioned to pay the eventual condemnation money.

3d. Because said bond was not tested and approved by the Ordinary.

The Court sustained the motion. Defendant moved to amend the bond to make it conform to the statute; the Court

allowed the amendment, and plaintiff excepted. The defendant pleaded the Statute of Limitations, to-wit: the Act of March 16th, 1869, it being admitted that the plaintiff became of age on September 8th, 1869. The case went to the jury upon that issue. The Court charged that plaintiff's case was within the said Act, and her claim barred. Whereupon plaintiff excepted and assigns the aforesaid rulings as error.

E. H. POTTLE, for plaintiff in error.

A. S. MORGAN; R. TOOMBS, for defendant.

McCAY, Judge.

Section 3553 of the Code, allowing appeals from the judgment of the Ordinary, is general, and applies to *all* cases. The Constitution also gives this right of appeal from the Ordinary. Section 3567 also fixes the terms on which the appeal shall be allowed. It would be judicial legislation for us to fix other terms. Indeed, the Legislature, by Act of 1866, Code, section 3553, has provided other terms than were fixed by the old Code, in one special case. We do not feel authorized to make another exception.

Section 3559, without doubt, applies to appeals from other Courts than the Courts of Ordinary, since section 3553 had made other terms for such appeals. So section 3565 must be confined to appeals from other Courts than Courts of Ordinary, for the reason that section 3567, in almost the next breath, provides that *in all cases in the Court of Ordinary* the party desiring to appeal shall pay the costs and give security for further costs; and this being done, the appeal shall be entered. So that we can see no ground for the belief that any other terms have been prescribed for appeals from the Ordinary than those fixed in section 3567 of the Code.

It may be that the case before us is a *casus omissus*. If so, it is for the Legislature, not the Courts, to remedy the defect. We doubt, however, if there was any omission. The power

given to the Ordinary to give such judgments is only of very questionable propriety ; nay, even its constitutionality has been doubted, and it may well be that the codifiers and the Legislature adopting the Code, might feel that the security already given, to-wit: the bond taken at the appointment of the administrator or guardian was sufficient, and hesitated to entrust with the Ordinary the power to grant a judgment which could only be appealed from by giving new security who were to be bound by the judgment.

There was no right of action by the ward until his maturity    The guardian had a right, and it was his duty, to keep and manage this estate until the majority of the minor. There was, therefore, no cause of action until after the 1st of June, 1865, and the Act of 1869 expressly provides that when the cause of action accrued after 1865, it should be regulated as to the Statute of Limitations by the Code.    We think, therefore, the Court was in error in requiring the security, and that the cause of action was not barred.

Judgment reversed.