JORDAN *vs.* TICKNOR *et al.*

[JACKSON, Justice, having been of counsel in this case, did not preside. Judge HALL of the Flint circuit, was designated by the governor to preside in his place.]

1. Where suit is brought against the security on an administrator's bond by four plaintiffs, alleging, as a breach of the bond, the misconduct of the administrator which occurred prior to June 1st, 1865, to-wit: in 1852, and where the person whose interest is sued for by three of the plaintiffs attained his majority in 1867, and failed to

bring suit on or before the 1st day of January 1870, and the three plaintiffs claiming his interest bring suit in April, 1874, their right of action is barred by the fifth section of the act of March 16th, 1869.

2. The act of 1869 gave nine months and fifteen days in which to bring suit in the classes of cases mentioned in that act, and section 2926 of the Code (not repealed by this act) gives to a person under disability the same time to sue after the removal of the disability that was given by the act of 1869 to other persons ; and where the other plaintiff was a minor up to January, 1870, but failed to bring suit until April, 1874, when more than nine months and fifteen days had elapsed after she attained her majority, she is barred by the fifth section of the act of March 16th, 1869.

3. The declaration in this case sets out plainly and distinctly a cause of action, and the fact that the pleader gave to the action a wrong name technically, is no ground of demurrer.

BLECKLEY, J., concurred specially.

Statute of limitations.    Minors.    Practice in the Superior Court.    Before   Judge   CRISP.   Sumter Superior Court. April Adjourned Term, 1878.

Reported in the opinion.

R. F. Lyon, for plaintiff in error, argued that infants were as much within the operation of the act of March 16, 1869, as other persons; 45 *Ga.*, 478, and 57 *Ib.*, 459, not authority on question.   See Code, §§1812, 1816, 1819 ; 44   *Ga.*, 449. Courts cannot engraft exceptions, Ang. on Lim., §§23, 194, 532; 1 Cow., 356 ; 5 Barb., 393; 2 Curtis, C. C., 480 ; 15 Ala., 194; 3 John. Ch., 146 ; 17 Verm., 90 ; 2 Wheaton, 25 ; 1 Peters', 366 ; 3 *Ib.*, 270 ; 5 *Ga.*, 230 ; 15 *Ib.*, 8 ; 32 *Ib.*, 256 ; 47 *Ib.*, 341 ; 54 *Ib.*,, 126 ; 55 *Ib.*, 16.   Infants are persons with civil rights, etc., Ang. on Lim., §§204, 194 ; 28 *Ga.*, 522; 13 *Ib.*, 31 ; 9 *Ib.*, 23 ; 19 *Ib.*, 22.   Infants as much within equity of statute as estates of deceased persons, 50 *Ga.*, 383 ; 54 *Ib.*, 500 ; 55   *Ib.*, 85 ; 56 *Ib.*, 149 ; 49 *Ib.*, 448 ; 54 *Ib.*, 198.

GUERRY & SON ; COOK & HOLLIS, for defendants.

HALL, Justice.

David A. Ticknor, Sidny J. Ticknor, Jennie Ticknor, and James Henry and Mary J. Ticknor, the two last named being minors and suing by their next friend, Jennie Ticknor, brought suit in Sumter superior court at the April term, 1874, against John W. Jordan.

The declaration alleges that George C. Ticknor died in the year 1852; that David A. and Sidny J. Ticknor are the son and daughter of the said George C.; that Jennie Ticknor is the widow, and James Henry and Mary J. Ticknor are the children of George M. Ticknor, who was the son of George C. Ticknor, and now deceased; that David A. Ticknor attained his majority in the year 1864, and George M. Ticknor attained his majority in 1867, and Sidny J. Ticknor attained her majority in January, 1870; that Matthew E. Williams applied for and obtained letters of administration on the estate of said George C. in November, 1852, and gave as security on his bond as administrator Jesse W. Davis and John W. Jordan.

The breach alleged is, that Matthew E. Williams, the administrator, took possession of all the property of the estate of George C. Ticknor in the year 1852, and wasted, destroyed and converted to his own use the whole of said estate, of all of which the plaintiffs received nothing.

The defendant demurred to the declaration on the following grounds:

1. The declaration shows on its face the plaintiffs were barred by the limitation act of March 16, 1869.

2. The declaration is in assumpsit when it should be in debt.

Defendant also pleaded not indebted and the statute of limitations.

The court overruled the demurrer on both grounds. The case went to trial, the jury returned a verdict against David A. Ticknor, and in favor of the other plaintiffs against Jordan.

Defendant moved for a new trial on the ground that the court overruled his demurrer to plaintiffs' declaration, and on several other grounds in which various rulings of the court, charges given and refusals to charge, are complained of.

The motion for new trial was overruled by the court.

1. The view we take of this case renders unnecessary notice of but two grounds of the motion for new trial—the two first grounds. In these, complaint is made that the court erred in overruling the demurrer of defendant to plaintiffs' declaration. The first ground of the demurrer is that plaintiffs' right of action is barred by the act of March 16th, 1869. The fifth section of this act was relied on by the defendant in support of the demurrer. The fifth section is as follows:

"Section 5. And be it further enacted, That all actions against executors, administrators, guardians or trustees, which accrued prior to the 1st of June, 1865, or which are predicated upon any alleged neglect or misconduct of any such executors, administrators, guardians, or trustees in the investment of trust funds in currency, bonds, or the like, without an order of court or other sufficient authority; or in the management of any trust estate, which occurred prior to 1st of June, 1865; or when the mismanagement, or investment occurred or was made prior to that date, shall be brought [by] 1st January, 1870, if not already barred, and not after, and the right of action shall be forever barred, if not brought within that time: Provided, That no executor, administrator, guardian, or trustee, shall have the benefit of this act who has acted fraudulently and corruptly in the management of the trust estate."

Plaintiffs insist that they were minors on June 1st, 1865; that no right of action accrued to them prior to the time they attained their majorities, and therefore the fifth section of the act of 1869 is not applicable to them. The fifth section of the act of 1869 treats of suits against executors, administrators, guardians and trustees, where the

effort is to hold them responsible for their acts that occurred prior to June 1st, 1865, without any reference whatever to the age of the person that may complain of such acts. It provides that " when the mismanagement or investment occurred, or was made prior to that date, (meaning June 1st, 1865) suit shall be brought [by] 1st January, 1870, and not after, and the right of action shall be forever barred, if not brought within that time."

The declaration in this case alleges a breach of the bond of Williams in this: that he, in the year 1852, wasted and converted to his own use the whole of the estate of George C. Ticknor. The mismanagement of the administrator complained of occurred prior to June 1st, 1865, and the case made by the declaration comes clearly within the fifth section of the act of 1869. George M. Ticknor attained his majority in the year 1867. At that date he was allowed by the limitation laws of this state ten years in which to sue on this bond for any breach, but the act of 1869 made a new limitation law for certain breaches of the bond, to-wit: When the breach consists of an act of the administrator done prior to June 1st, 1865. George M. Ticknor was an adult at the date of this act, and it was notice to him that the limitation law was changed thereby, as to suits for the " mismanagement" of an administrator which occurred prior to June 1st, 1865.

The declaration filed in 1874, avers the death of George M. Ticknor, but does not state the date of his death, nor does it aver that for any reason he was prevented from suing during his life. In the absence of such averments, we will presume he was in life during the time allowed for a suit of this kind by the act of 1869, to-wit: nine months and fifteen days from date of its passage, and we will presume that during that time there was no legal obstacle in the way of his suing. He did not commence suit within that time, and we hold that his failure to do so barred his right to recover of Jordan for any mismanagement of Williams that occurred prior to June, 1st, 1865. Jennie Tick-

nor, the widow, and James Henry and Mary J. Ticknor, the children of George M. Ticknor, bring this suit to recover his interest in the estate of his father, George C. Ticknor, and for that reason we have treated this branch of the case as though he were a party plaintiff.

The breach of the bond is laid prior to June 1st, 1865; the right of George M. Ticknor to sue for such breach was barred by the act of 1869, and as Jennie Ticknor, his widow, and James Henry and Mary J. Ticknor, his children, sue as his heirs at law—for his interest—for a breach of the bond that occurred prior to June 1st, 1865, they are likewise barred.

2. The declaration avers that Sidny J. Ticknor attained her majority in January, 1870, and it is insisted that as she was a minor at the date of the act of March 16th, 1869, her right to maintain this action is not controlled by that act. As before remarked, the act of March 16th, 1869, made a new limitation law for this class of cases, that is, where the mismanagement of an administrator is the breach of the bond alleged, and where that mismanagement occurred prior to June 1st, 1865.

Although the act of 1869 made a new limitation law for this class of cases, yet it did not repeal section 2926 of the Code, which prescribes the manner of computing time against persons disabled to sue. That section is as follows: "Married women, infants, idiots or insane persons, or persons imprisoned, who are such when the cause of action accrues, shall be entitled to the same time, after the disability is removed, to bring an action, as is prescribed in this Code for other persons."

Holding as we do that the act of 1869 did not repeal §2926 of the Code, we think the two should be construed as follows: A person not disabled to sue at the date of the act of March 16, 1869, was required to bring suit for a breach of an administrator's bond that occurred before June 1, 1865, by the 1st day of January, 1870—that is, within nine months and fifteen days from March 16, 1869; and a per-

son · under any disability to sue at that date was entitled after the removal of such disability, to nine months and fifteen days in which to bring such suit. Applying this rule of construction to the case of Sidny J. Ticknor, we hold that as she was a minor on the 16th day of March, 1869, and did not attain her majority until January, 1870, she was entitled to nine months and fifteen days, from the last named date within which to bring this suit, and no longer. She failed to commence her suit within that time—did not commence it until more than four years from that date had expired—and we hold her right of action as set out in the declaration is barred by the act of 1869.

The cases of *Hobbs vs. Cody*, 45 *Ga.*, 478, and *Lake, trustee, vs. Hardee et al.*, 57 *Ga.* 459, do not apply to this case. The case of *Hobbs vs. Cody* was a suit by a ward against her guardian for a settlement after she attained her majority. She attained her majority in 1869, and brought suit against her guardian for settlement of her estate as it then was in his hands, and not for an alleged mismanagement of the guardian that occurred prior to June 1, 1865. The case of *Lake, trustee, vs. Hardee et al.* was a bill filed by the *cestui que trust* of Lake, calling upon him for an account and settlement of the trust estate that went into his hands, but there was no effort made to make Lake liable for any particular act of mismanagement by him which occurred prior to June 1, 1865.

In the case before the court, the breach of the bond is laid prior to June 1, 1865, which is not true of either of the other cases, and this is the distinction between this and the other cases. We therefore hold that the court committed error in overruling the first ground of the demurrer.

3. The second ground of demurrer is that plaintiffs brought an action of assumpsit to recover for a breach of the bond of Williams instead of debt. We find plaintiffs' cause of action plainly and distinctly set out in the declaration, and it is immaterial as to the name given the action by the

pleader.   The court properly overruled this ground of the demurrer.

Judgment reversed.

BLECKLEY, Justice, concurring.

If, in a suit brought after January 1, 1870, the breach of an administrator's bond be laid in the declaration prior to June 1, 1865, infancy is no reply to the statute of limitations unless the suit was brought within nine months and fifteen days after the disability ceased; but if the breach be laid after June 1, 1865, the limitation act of 1869 does not apply to the face of the declaration.