BYNE, guardian, *et al. vs.* ANDERSON.

1. Original returns of a guardian or administrator are not admissible as *prima facie* evidence for him on a rule for settlement. It is the judgment of the ordinary thereon, that makes them such evidence, and that must appear by an exemplification from the records of the court of ordinary.

2. An administrator who makes his returns as provided by law is entitled to commissions ; if he fails to make returns, and upon citation fails to show satisfactory cause for delay, he is not entitled to commissions for the year of the default.

3. Where a new guardian was appointed for a minor in 1869, and after

the lapse of nine months and fifteen days brought a rule for settlement against the former guardian, if the proceedings showed on their face that it was in the nature of an action of *devastavit* for acts of mismanagement prior to June 1st, 1865, as to such acts the bar of the statute would apply.

4. That a guardian brought or ineffectually started to bring suit on the bond of a former guardian or an administrator within the bar of the statute of limitations, will not save the bar from applying to rules for settlement before the ordinary subsequently brought, if they would otherwise be barred, nor are the records of such former suits admissible in evidence on the trial of the latter to relieve them from the operation of the statute.

5. A charge should not assume facts which are in contest to have been proved.

6. Where a guardian seeks to relieve himself from liability by showing that he received Confederate money for assets of the estate, the *onus* is on him to show that he acted as a prudent man in so doing.

(*a.*) Though a guardian received Confederate money for his ward during the late war, in good faith, yet if he did not keep that very money apart from his own funds, he would be liable for its value at the time of its receipt.

7. The evidence is so confused that it fails to make out a case on which the recovery had can stand.

Evidence. Administrators and Executors. Guardian and Ward. Statute of Limitations. Charge of Court. Confederate Money. Verdict. Before Judge SNEAD. Burke Superior Court. May Term, 1880.

Julia W. Hayne, individually and as guardian of Mary Anderson, moved three rules in the court of ordinary against Edmund Byne for settlement — one against him as guardian of Mary Anderson, one as administrator *de bonis non* on the estate of James Anderson, Jr., and the other as administrator *de bonis non* of Moses P. Anderson.

The rules being tried in the court of ordinary, an appeal was taken to the superior court.

On the trial on appeal the three rules were, by order, consolidated and tried together.

These facts appear from a sort of condensed statement in the record, there being no copy of the rules themselves.

As far as can be ascertained from the confused record in this case, these rules were in part at least in the nature of actions of *devastavit*, and the principal points therein were the mismanagement of the estates, and receiving Confederate money during the war, without accounting for it to the estate and when it was imprudent to receive it.   On the material points the evidence was conflicting.

Mary Anderson seems to have been interested in each of the estates sought to be settled, but how much her interest amounted to is very difficult to understand from the record, if, indeed, it be possible.   Mrs. Hayne was appointed guardian of Mary Anderson in June, 1869; these rules were taken out in December, 1871, and Mary Anderson became of age in 1874.

The jury found for Mary Anderson alone $4,500.00. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the court erred in ruling out and excluding as testimony before the jury the annual returns and vouchers of Edmund Byne, as administrator *de bonis non* of James Anderson, Jr., deceased, for the years 1863, 1864, 1865 and 1868; the annual returns and vouchers of said Edmund Byne as administrator *de bonis non* of Moses P. Anderson, deceased, for the same years; and the annual returns and vouchers of said Edmund Byne as guardian of Mary Anderson for the years 1863, 1864, 1865 and 1869.   (The testimony of defendant's counsel was that said rejected returns had been each of them annually made before the first day of July of each year; that they had remained of file in the ordinary's office until the commencement of this suit, when they were taken therefrom, and remained in possession of counsel respectively on each side.)

(2.) Because the court erred in charging the jury as follows: " If you find from the evidence that Miss Mary Anderson was a minor before June 1st, 1865, then the plea of the statute of limitations does not apply to her.   Her

cause of action did not accrue until she became of age, and if she became of age after June 1st, 1865, the statute of limitations as pleaded is of no force in this case, and hence the question of moral fraud by the defendant is not for your consideration."

(3.) Because the court erred in charging the jury as follows: "If you find that Mrs. Hayne sued the defendant for the recovery of her property by or on January 1st, 1870, in the superior court, and afterwards commenced the present suit for the same purpose in the court of ordinary, and after commencing this suit, dismissed the former one, then the statute of limitations does not apply to her, for the reason that she commenced her suit by the time required by law."

(4.) Because the court erred in charging the jury as follows: "A guardian is bound by the law, and he is responsible for any loss that may result by failure to follow the law. It matters not how morally honest he may be, if he fails to follow the law, he is liable for any loss that may result therefrom."

(5.) Because the court erred in charging the jury as follows: "This being a suit against the defendant as guardian, charging him with a *devastavit*, he is not entitled to deduct attorney's fees out of the trust fund for defending this suit."

(6.) Because the court erred in charging as follows: "Although the guardian may have received Confederate money in good faith as a prudent man, yet, unless he shows affirmatively that he kept that very same money separate and apart from his own individual funds, he is liable to the ward for the value of the money at the time he received it."

(7.) Because the court erred in charging the jury as follows: "If you find from the evidence that Moses P. Anderson was the child of Mrs. Hayne (formerly Anderson), and that he died while the mother was not a widow, and she had other children then living, then Mrs. Hayne does not inherit any of the estate of Moses P. Anderson."

(8.) Because the court erred in charging the jury as follows: "If you find from the evidence that Mr. Byne did not make his returns according to law, and that they were not examined, approved and ordered recorded by the ordinary, then Mr. Byne is not entitled to any commissions on his returns. The papers are not admitted to you as legal returns, but simply as memoranda and receipts, to which Mr. Byne referred in his testimony."

(9.) Because the court erred in refusing to charge the jury, at the request of counsel for the respondents in writing, as follows: "That if the jury find from the evidence that Miss Mary Anderson was represented by a guardian other than the defendant prior to the first of January, 1870, she cannot recover in this suit for any mismanagement of her interest prior to June 1st, 1865, unless it shall appear that defendant was guilty of actual fraud, actual intentional wrong doing, willful and corrupt dealing; but only for an omission of duty, he cannot be held responsible in this suit, if this suit was not brought before the first day of January, 1870, so far as Mrs. Hayne, one of the plaintiffs, is concerned, as to any mismanagement prior to June 1st, 1865."

(10.) Because the court erred in its general charge to the jury, as follows: "The statute of limitations does not apply to her (Mary Anderson) if she was a minor on the first day of January, 1870, or if she was a minor before the first of June, 1865. For, in the first place, if she was a minor in 1870, she could not sue in her own name by the first of January, 1870, and even in the latter case her right of action did not accrue till after June 1st, 1865, if she was a minor at that time and subsequently became of age; and her right of action is not barred by the statute of limitations for any mismanagement of these estates which may have occurred before or after 1865.

(11.) Because the court erred in admitting in evidence, over the objections of respondents' counsel, the suits of E. F. Lawson, ordinary Burke county, for use; Julia W.

Hayne, guardian, *vs.* Edmund Byne, principal, and John S. Byne, secretary; and E. F. Lawson, ordinary Burke county, for use of Julia W. Hayne, guardian Mary Anderson, *vs.* Edmund Byne, principal, and John S. Byne, security, the purpose of said evidence being to show that the present cause of action, although accruing prior to June 1st, 1865, was sued upon on or before the first day of January, 1870, and thereby relieved the present suits from the bar of the statute of limitations of 1869.

The motion was overruled, and defendant excepted.

J. J. JONES; H. D. D. TWIGGS, for plaintiffs in error.

J. S. HOOK; W. W. MONTGOMERY; H. E. W. PALMER; L. E. BLECKLEY, for defendant.

JACKSON, Chief Justice.

This cause comes before us on pleadings so uncertain, and a record so incomplete, that it is difficult to apply legal principles with any degree of accuracy to it. It is equally troublesome so to probe through the unknown tissues and arteries of evidence and want of evidence as to touch with any degree of certainty the spot where justice lies concealed from our view. Three cases are consolidated and tried together. What interest Mary Anderson has in two of them the record nowhere shows. What part of the estates of either of the two decedents of which Byne was the administrator, and for an account of which he is sued in these rules by Mary Anderson, she inherited, nowhere appears. What these rules were, what accounting was demanded by them, what *devastavit* is alleged in them (for the judge in his charge speaks of the action as being for a *devastavit*), does not appear, because the three rules are all lost or mislaid, and neither is in the transcript sent up to this court, but only the naked statement of the parties, and appeal on rules from the court of ordinary, and hence a most important fact in the pleadings cannot

be ascertained, to-wit : *When* did the *devastavit* com-
plained of arise as alleged in these lost rules ?

It would seem that without regard to errors of law in re-
spect to testimony and charges and failure to charge,
alleged and assigned, that as Byne was called to account
in three capacities, and the jury found forty-five hun-
dred dollars in favor of Mary Anderson against him
in all, that the verdict is not supported by evidence;
there being no evidence in respect to two of the cases
whether she took *all* he owed the estates, or half, or one-
tenth thereof.   No man on earth, not the most perfect
accountant, nor the most expert arithmetician and book-
keeper, can take this record and cipher how these parties
stand.   In no view of the law can it be done.    Whether
the returns were in or out, as 'returns legally made out,
filed and passed to judgment and record by the ordinary;
whether commissions be or be not allowed upon them ;
whether the statute of limitations of 1869 be or be not
applied to the acts of administration prior to 1865 ;
whether the law in regard to Confederate notes and bonds
was properly ruled or not ; whether the jury found for or
against and without evidence on that issue; still all is
uncertain, and the legal result impossible to be ascer-
tained, because the plaintiff's *aliquot* part of what the
administrator owed is nowhere disclosed.

The case must, therefore, go back for a new trial,
because this record does not furnish evidence to show the
true balance due to plaintiff from defendant in the three
suits tried together, and the assignment of error that the
verdict is not supported by the evidence must be sus-
tained.

As it is to be again tried, it is our duty to state our
views of the law of the case on the various points made,
so that the law so determined now may be applied on the
new trial.

I. The returns were not in evidence, or admissible as
returns and judgments of the court of ordinary, and thus

*prima facie* evidence for the administrator and guardian, because the only legal evidence of such returns is an exemplification from the records of the court of ordinary.

It is a court of record, and the judgments of such a court are ascertained by the record, and a copy of the record, under the certificate and seal of the court, is the best evidence—indeed the only evidence, except in cases of the destruction by fire, or other disaster, of the record—of the judgment upon the returns which gives them the validity of returns, and makes them *prima facie* evidence in all courts, to be surcharged and falsified by proof, and thus, and thus only, rebutted.   Code, §1823.

2. If returns are thus shown to have been made by the first Monday of July, or by the end of the year, commissions are to be allowed ; otherwise not for the year of default, if he be cited to appear and does not show cause for delay satisfactory to the ordinary.   Code, §1827.

3. The entire court is of the opinion that if the rules, which constitute the pleadings or declarations in a case of this sort, show on their face that the *devastavit* occurred prior to the first of June, 1865, then Mary Anderson would be barred by the act of 1869, unless she showed fraud in the conduct of the guardian, under the rulings of this court in 62 *Ga.*,123, 574.; but the rules are not here, and we do not know what allegations are in them. Those cases decide that if suit be not brought in nine months and fifteen days after the infant has attained majority, the bar of the statute attaches, where the pleadings of plaintiff show an effort to make defendant liable for some particular act of mismanagement occurring prior to the first of June, 1865. Here the new guardian could have sued a few months before the first of January, 1870, and did not sue until more than nine months and fifteen days after she could have sued, and therefore, upon the principles ruled in these cases, the old guardian, Byne, can plead the statute against her and her ward, if the rules should show

such allegations of mismanagement prior to June 1st, 1865.

Unless the rules shall show such allegation of mismanagement, I do not see how the statute can bar this case without overruling 45 *Ga.*, 478, and 57 *Ib.*, 459. In the first of those cases, the infant attained her majority after the passage of the act of 1869, and in that year, and did not sue within nine months and fifteen days of that time; yet she was held not to be barred, because she called her guardian to account for a general settlement, and not for any particular act of *devastavit* before June, 1865. Unless, therefore, these rules should show that the old guardian, Byne, is called to account for mismanagement prior to June 1st, 1865, this is exactly that case, except that the new guardian was appointed in 1869, after the act of that year, in this case, while in that case the infant attained majority in 1869, after the date of the act. And *Lake vs. Hardee et al.*, in 57 *Ga.*, 459, follows *Hobbs vs. Cody*, in 45 *Ga.*, 478.

It cannot be questioned, however, that there seems to be difficulty in harmonizing all the cases with the statute and with each other; and both of my brethren think that the language of the statute in such case should be invoked and should rule. By an examination of that act it will be seen that it applies not only where the cause of action accrued before June 1st, 1865, but where any mismanagement, not fraudulent, occurred prior to that date; and certainly in the case at bar much, not to say most—far most, of the mismanagement of this trustee occurred in the matter of taking Confederate money for good notes, prior, of course, to first of June, 1865, when the Confederacy and all its promises to pay had gone down together. That act, sections 5 and 8, reads as follows:

" 5. That all actions against executors, administrators, guardians or trustees, which accrued prior to first of June, 1865, or which are predicated upon any alleged neglect or misconduct of any such executor, administrator, guardian or trustee, in the investment of trust funds in

currency, bonds, or the like, without an order of court or other sufficient authority; or in the management of any trust estate which occurred prior to 1st of June, 1865; or when the mismanagement or investment occurred or was made prior to that date, shall be brought by 1st of January, 1870, if not already barred, and not after; and the right of action shall be forever barred, if not brought within that time; provided, that no executor, administrator, guardian, or trustee, shall have the benefit of this act who has acted fraudulently and corruptly in the management of the trust estate,"

" 8. That all cases of the character mentioned in any section of this act which have arisen, or in which the right or action of the liability has accrued, or the contract has been made since the 1st of June, 1865, shall be controlled and governed by the limitation laws as set forth in the Revised Code of Georgia adopted by the constitution of this state."

It will be thus seen that whatever the rules, if ever discovered or recovered or established by copies, shall show, an effort is here made to make Byne liable for acts of mismanagement by him prior to June 1st, 1865, by the proof; and there must have been pleading enough to authorize that proof. Practically, therefore, we cannot see any clear distinction between this case and *Jordan vs. Ticknor et al.,* 62 *Ga.,* 123–129; and as the act of 1869 seems to us to harmonize better with that ruling than with 45 *Ga.,* 478, we adopt the former and follow it, if the two cannot consist and stand together.

The truth is that strict pleading was hardly resorted to in rules like these, and a wide latitude was given to the proof in all probability; and as the gist of the account and defalcation occurred prior to June 1st, 1865, and proof thereof was made, and the main issue formed and fought on the question whether prudent business men took the Confederate currency in 1863–4 and 5; we must rule in this case that the bar of the statute of limitation of 1869, attached, unless the guardian and trustee acted fraudulently. We mean, of course, that it attached as to efforts to make Byne liable for mismanagement prior to the 1st of June, 1865.

4. It is conceded that the court erred in admitting the

v 67—31

prior suits on the bonds and allowing them to aid in lifting the bar of the statute.

5. The attorney's fees ought not to be allowed if the estate was mismanaged and a *devastavit* was committed; but the charge complained of in the fifth ground seems to take that for granted. To that extent it is error.

6. In respect to the charge in regard to Confederate money, we see no error. 52 *Ga.*, 600; 54 *Ib.*, 291; *Venable vs. Cody*, this term.

The case before us is between Mary Anderson and Byne. No recovery was had by Mrs. Hayne, and as to any alleged errors which affected her only, we need say nothing, because they are wholly immaterial to the issues here and to those to be tried on the new hearing.

Taking the case altogether, we feel that a new trial must be awarded on account of the total absence of all evidence going to show the interest of Mary Anderson in two of the three estates, for which Byne was called to account, and errors in our judgment in respect to the statute of limitations of 1869 as applicable to a large part of the case. On the merits of the controversy we express no opinion as a new trial should be free from any views we may entertain of the evidence seen through the mazes of this confused record. Should the review of the case when again tried be invoked a second time by this court, it is hoped that a cleaner and clearer record be transmitted for our guidance; that lost pleadings be established; and issues be clearly made, so that the principles of law may be applied to the facts of the case with less difficulty and embarrassment,than those which have environed the case now made.

Judgment reversed.