### CHAMBLEE *v.* DAVIE.

|   |   |
|---|---|
| 88 | 205 |
| d114 | 672 |
| 114 | 673 |

1. Where the creditor, at the time of taking a joint promissory note, said to one of the makers that he would take in payment thereof a tract of land belonging to another one of the makers, the meaning was that he would take the land if it was offered to him; and unless it be so offered, the agreement will be no discharge of the note as to any of the makers.
2. The objection to the charge of the court as to the form of the verdict is not supported by the charge as set out in the motion for a new trial.
3. Even if the plaintiff in error was only surety relatively to other makers of the note sued on, yet his relation to the creditor on the face of the paper is that of a principal; and there being no sufficient evidence to warrant a verdict discharging him as surety, he is bound to the creditor as a principal, the code (§2165) declaring that a creditor is not to be delayed in his remedy by a collateral issue as to the fact of suretyship.
4. There was no error in refusing a new trial.    *Judgment affirmed.*
    December 28, 1891.

Promissory notes.    Principal and surety.    Charge of court.    Verdict.    Before Judge GOBER.    Hall superior court.    January term, 1891.

Davie sued J. M. and G. L. Chamblee as principals, and Cooper as security, upon a promissory note.    G. L. Chamblee pleaded: He signed the note as security only, and was not interested in the consideration thereof.    He signed it as security under the express condition and understanding that it was not to be binding on him or valid as his act, only in the event that certain others named

should sign it as securities also, and the note was signed by this defendant and placed in the hands of J. M. Chamblee, his principal, as an escrow, until it should be executed by said persons, none of whom signed it except Cooper. The payee of the note had notice of the condition and understanding before the delivery of it to him, and its delivery to him was unauthorized, and it is void so far as this defendant is concerned. Before he signed the note as security, and to induce him to sign it, the payee, who is the plaintiff, said to him if he would sign it it could not hurt him, because if the principal did not pay it he, the payee, would take the principal's land at $1,800 as a credit on the note. (The note was for $1,800 principal, with interest from its date at eight per cent., and it was due three months after its date.) Defendant knew the land, and knew that if plaintiff would take it at $1,800 it would pay the principal and he would not be liable for anything. He relied upon said statement, and would not have signed the note but for the statement, and for the reasons heretofore stated.

There was a verdict for plaintiff against both the Chamblees as principals, and against Cooper as security. G. L. Chamblee made a motion for a new trial, which was overruled, and he excepted. In addition to the general grounds of the motion, it was alleged that the court erred in charging: "It has been insisted that this plaintiff said to the defendant at the time of this transaction that he would take certain lands as a satisfaction of this. I charge you that before that would avail this defendant, he must show that those lands were then in a condition to turn over to this plaintiff, or actually tendered to him, before that would be any answer as a defence in this case." Also that the court erred in charging: "Now, gentlemen, it is a question for you in reference to this suretyship. If you should determine that

George L. Chamblee is a surety and you find against him, you will let your verdict so speak; and in that case, if you find for the plaintiff the form of your verdict will be, 'We, the jury, find for the plaintiff so much with interest.' You will say 'We, the jury, find for the plaintiff so much,' with interest at the rate named in the note against James M. Chamblee as principal, and George L. Chamblee as security, and A. R. Cooper security, that is, if you find for the plaintiff and should determine George Chamblee as a security. You would find, gentlemen, ten per cent., I mean if you find for the plaintiff, and your verdict would be so much as principal, with interest from such a time, and ten per cent. as attorneys' fees, against J. M. Chamblee and George L. Chamblee principal, and Cooper as security, or as you shall determine under the facts." The alleged error in this charge was in excluding from the jury the defence that defendant was only security, and defendant insists that the charge nowhere provided for such a finding, but on the contrary, in every form of verdict proposed, directed a finding against G. L. Chamblee as principal and never as security.

J. B. Estes, M. L. Smith and H. H. Dean, for plaintiff in error, cited Brandt Sur. & G. §§29, 223, 258; 19 Pick. 260; 3 Allen, 566; 4 Cranch, 219; Code, §§2151, 2634, 2751, 3174; 70 *Ga.* 715; 46 *Ga.* 16; 30 *Ga.* 306; 6 *Ga.* 202; 10 *Ga.* 414; 11 *Ga.* 289; 8 *Ga.* 559; 57 *Ga.* 433.

S. C. Dunlap and F. M. Johnson, *contra*, cited Brandt Sur. & G. §31; Code, §2165; 77 *Ga.* 61; 73 *Ga.* 631; 62 *Ga.* 123; 64 *Ga.* 712; 74 *Ga.* 407, 532, 851.