10682. Tilley *et al. v.* Crawford-Miller Company.

Broyles, C. J. 1. Under the ruling in *Kirkland v. Gaskins*, 20 *Ga. App.* 235 (92 S. E. 965), and cases therein cited, the court in the instant case did not err in directing a verdict against W. A. Tilley, one of the defendants, for the full amount sued for. The ruling in *Seabolt v. Olvey*, 18 *Ga. App.* 775 (90 S. E. 653), is not applicable to the facts of this case.

2. Under the facts of the case, the defendant T. Z. Tilley had a statutory right to prove by parol, before judgment, the fact of her suretyship; and, being deprived of this right by the action of the court in directing a joint verdict against her and her codefendant, without allowing her an opportunity to sustain by proof the allegation in her answer that she signed the note sued upon as surety only, she is entitled to a new trial. *Whitley v. Hudson*, 114 *Ga.* 668 (3) (40 S. E. 838).

*Judgment affirmed as to W. A. Tilley; reversed as to T. Z. Tilley. Bloodworth, J., concurs. Luke, J., disqualified.*

Decided December 10, 1919.

Complaint; from city court of Camilla—Judge Burson. June 2, 1919.

Crawford-Miller Company sued W. A. Tilley and T. Z. Tilley on a promissory note signed by the defendants and payable to the plaintiffs, which recited that it was given for the purchase-price of a certain mule, $345. The defendants filed a plea in which it was alleged, that T. Z. Tilley signed the notes as surety only; that on November 2, 1914, the mule was levied on under the foreclosure of a mortgage of the defendants for purchase-money; that at the time of the levy the defendant W. A. Tilley inquired of the levying officer as to when the mule would be sold, and the officer informed him that it would be sold on the regular sale day in December, 1914, and would be advertised 30 days prior to the sale, as required by law; that neither of the defendants had any notice of an application for an earlier sale of the mule as

37

perishable property, nor that it would be sold under a quick order; that on November 7, 1914, the plaintiff "attempted to perform a sale" of the mule under the mortgage foreclosure, and did have a pretended sale, at which the plaintiffs became the purchasers of the mule for "the ridiculous price of $110.73;" and ever since this pretended sale the defendants have been deprived of the possession and use of the mule; that, being without prior notice of the sale, the defendants were not present and had no opportunity to protect themselves against the sacrifice of their property at public outcry; that the fair market value of the mule at the time of the pretended sale was equal to its market value when purchased by the' defendant W. A. Tilley from the plaintiffs, and its value on N ember 7, 1914, was not less than $345; that the defendants waive the tort committed by the plaintiffs in thus seizing and converting the mule, and they adopt the transaction and claim that the plaintiffs are indebted to them in a sum equal to the value of the mule on November 7, 1914. The defendants pray "that the amount herein claimed— $345—less $110.73, the price alleged to have been paid to the plaintiffs when the mule was thus sold by them, be set off against the plaintiffs' claim," and that the defendants have judgment freeing them from any liability on the note sued upon.

Upon the pleadings and without additional evidence the court directed a verdict against the defendants for the amount sued for; they made a motion for a new trial, which was overruled, and they excepted.

*J. J. Hill*, for plaintiffs in error.    *H. H. Merry*, contra.