## FLEEMAN *v.* GAY *et al.*

GILBERT, J. 1. The provisions of the Civil Code (1910), § 5858, par. 1, to the effect that the opposite party in a suit instituted or defended by the personal representative of a deceased person shall not be admitted to testify in his own favor against the deceased person as to transactions or communications with such deceased person, has no reference to suits instituted or defended by the heirs at law of the deceased person. Therefore a surviving partner, against whom suit is brought by the heirs at law of the deceased partner, is not incompetent to testify as a witness in his own behalf to transactions between himself and such deceased partner. *Boynton* v. *Reese,* 112 ·*Ga.* 354 (3) (37 S.

E. 437); *Oliver* v. *Powell*, 114 *Ga*. 592 (5) (40 S. E. 826); *Whitley* v. *Hudson*, 114 *Ga*. 668 (40 S. E. 838); *Goddard* v. *Boyd*, 144 *Ga*. 18 (85 S. E. 1013); *Rudulph* v. *Washington*, 146 *Ga*. 605 (91 S. E. 560); *Hall* v. *Butler*, 148 *Ga*. 815 (98 S. E. 549).

2. The provision of the Civil Code (1910), § 5858, par. 2, that " Where any suit is instituted or defended by partners, persons jointly liable or interested, the opposite party shall not be admitted to testify in his own favor as to transactions or communications solely with an insane or deceased partner, or person jointly liable or interested," has no application to a suit by the heirs at law of a deceased partner against a surviving partner. Compare *Whitley* v. *Hudson*, supra.

3. The court having erred in refusing to allow the surviving partner, who was defendant in the suit brought by the heirs at law of the deceased partner, to testify in his own behalf as to transactions between himself and the latter, and which evidence was material, a reversal of the judgment denying a new trial necessarily results.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent on account of sickness.*

No. 2474. OCTOBER 14, 1921.

Equitable petition. Before Judge Hutcheson. Newton superior court. January 11, 1921.

*King & Johnson,* for plaintiff in error. *A. S. Thurman,* contra.