### 17870. HOPE *v.* UNDERWOOD.

BELL, J.  1. An execution against certain persons as makers and others as indorsers does not, without more, import that the latter are sureties, either as accommodation indorsers or otherwise; and, in the absence of further proof of their suretyship, they must be regarded as technical or regular indorsers. *Sibley* v. *American Exchange Bank*, 97 *Ga.* 126 (4) (25 S. E. 470); *Booth* v. *Huff*, 116 *Ga.* 8 (42 S. E. 381, 94 Am. St. R. 98); *Chamblee* v. *Davie*, 88 *Ga.* 205 (3) (14 S. E. 195); *Warthen* v. *Melton*, 132 *Ga.* 113 (2), 116 (63 S. E. 832, 131 Am. St. R. 184); Civil Code (1910), §§ 4279, 3556.

2. A levy upon personal property sufficient to pay the debt, unaccounted for, is prima facie evidence of satisfaction to the extent of the value of such property (Civil Code of 1910, § 6047); but where, as in the present case, the sheriff had in his hands an execution against certain persons as makers and others as indorsers, and the indorsers procured the sheriff to make a levy upon property belonging to the makers, which levy the sheriff subsequently dismissed at the instance of the plaintiff in fi. fa., and where it appears that the sheriff, on the dismissal of such levy, delivered the property back into the possession of the defendant makers, as whose property it had been seized, and that the fi. fa. has not been paid, such levy and its dismissal are both sufficiently accounted for. "The question in such cases to be settled is, whether the execution has in fact been satisfied, either by the money of the defendant or his property. In the absence of proof to the contrary, the legal presumption is that it has, when the levy is not accounted for, or the dismissal of the levy is not explained; but like any other legal presumption, it may be rebutted by the facts of the case." *Rawson* v. *Davis*, 36 *Ga.* 511, 515. See also *Ryan* v. *Lieber*, 30 *Ga.* 433 (2); *Rawson* v. *Gregory*, 59 *Ga.* 734.

3. Where, after the dismissal of the levy referred to in the preceding paragraph, the plaintiff in fi. fa. caused a levy to be made upon property of one of the defendants named in the fi. fa. as an indorser, and this defendant filed an affidavit of illegality, claiming to have been discharged by the dismissal of the previous levy, and where, on the trial of the issue thus formed, the evidence disclosed, without dispute, that the facts were as stated above, the court properly directed a verdict in favor of the plaintiff in fi. fa. The dismissal of the first levy being accounted for as a matter of law, there was no issue for determination by the jury.

4. There being no evidence to show that the defendant who filed the affidavit

Bills and Notes, 8 C. J. p. 1053, n. 58, 59.

Executions, 23 C. J. p. 553, n. 80, 88 New; p. 817, n. 61; p. 819, n. 74.

of illegality (now the plaintiff in error) was a surety, it is unnecessary to determine whether, if a suretyship had been shown, the dismissal of the levy under the same circumstances would have resulted in his discharge.

. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 14, 1927

Affidavit of illegality of execution; from city court of Hall county—Judge Sloan. November 16, 1926.

*W. N. Oliver,* for plaintiff in error. *A. C. Wheeler,* contra.