## HARKLESS *v.* SMITH.

1. Where a case in equity turns upon the question as to what was the consideration of a deed described in the plaintiff's pleadings, it is competent to prove by parol what such consideration was ; and it is not essential to this purpose that the deed itself be exhibited to the witness, when he is able to swear to personal knowledge of the making thereof and what constituted the consideration. Testimony of this kind does not tend to vary the terms of the instrument.
2. An attorney at law is not incompetent to testify to facts which did not come to his knowledge by reason of the relation or contemplated relation of attorney and client between himself and another. The evidence sought to be elicited in this case from the attorney related to facts of which he did not apparently derive knowledge by reason of a confidential relationship between himself and the maker of the deed with respect to the execution thereof.

Submitted March 1,— Decided April 26, 1902.

Equitable petition. Before Judge Felton. Bibb superior court. May 2, 1901.

*M. G. Bayne,* for plaintiff.
*Dessau, Harris & Harris,* for defendant.

Fish, J. Rosana Harkless and seven other persons filed their equitable petition against Ira E. Smith, in which it was alleged, in substance, that petitioners were the only heirs at law of Elijah Dunn, who died in October, 1898; that on July 5, 1892, Dunn executed a deed by which he conveyed to Smith certain described land as security for the payment of thirty dollars which Smith had loaned to him; that the consideration expressed in the deed was love and affection, the sum of thirty dollars, and other valuable considerations theretofore paid by Smith to Dunn, but that the real consideration was the loan of thirty dollars, for which the deed was given as security; that the land was worth one thousand dollars; that at the time the deed was executed Dunn was very old, weak-minded,

and easily influenced, and that Smith, by deception and undue influence over him, induced him to execute an absolute deed, when he only intended it to be a deed to secure the payment of a loan of thirty dollars. The prayer was for the cancellation of the deed, upon payment by plaintiffs to defendant of the loan with interest thereon, which they offered to do. Upon the trial plaintiffs offered in evidence the depositions of B. B. White, to the effect that, as an attorney at law, he had represented Dunn in a criminal case against him, in the city court of Macon; that for his services in that case Dunn owed him thirty dollars; that he was pressing Dunn for the payment of this fee, and, for its collection, was threatening or undertaking to sell the land in question; that under these circumstances Smith paid the fee to the witness for Dunn, and, by agreement of both parties and at their instance, witness, according to the best of his recollection, drafted a deed from Dunn to Smith, by which the former conveyed to the latter the land in question, and the witness was one of the subscribing witnesses to the deed; that the understanding between the parties to the instrument was that it was executed for the purpose of securing the payment of the thirty dollars which Smith had paid to witness for Dunn; that the copy deed attached to the interrogatories for witness was, as he believed, a substantially correct copy of the deed which he had prepared and witnessed for Dunn and Smith, and that at the time of its execution Dunn was old and ignorant, while Smith had some education and was shrewd and sagacious. These depositions were rejected by the court; and upon the close of the plaintiffs' evidence the court directed a verdict for the defendant. The plaintiff, Rosana Harkless, excepted to the rulings of the court in rejecting the depositions of White and in directing a verdict.

1. It does not clearly appear upon what ground the court rejected White's depositions, the bill of exceptions merely reciting that "The court rejected said interrogatories and answers and refused to allow the same to be read as evidence to the jury." Before the interrogatories were executed, it appears that the defendant entered an objection thereon to such of them as sought to show that the consideration of the deed was different from that expressed therein, upon the ground that it was an effort to vary a written instrument by parol evidence. The seventh interrogatory was as follows: "Please examine the copy of the deed hereto attached to

these interrogatories, marked Exhibit A, and state if this is a copy of the deed you witnessed as above interrogated about ?" There was an objection filed to this interrogatory, "on the ground that this method of proving a deed is illegal and improper." As to this, counsel for defendant in error, in their brief, say: "The interrogatories exhibited to the witness had attached to them a copy of the deed sued upon, and all of the answers of the witness related to this copy. This was clearly an improper way to examine a witness touching a deed." There was clearly no merit in these objections. There is no question as to the admissibility of parol evidence to show that the consideration of a deed is different from that expressed therein. The Civil Code, § 3599, provides: "The consideration of a deed may be always inquired into when the principles of justice require it." Testimony of the character of that objected to does not tend to vary the terms of the instrument. *Stone* v. *Minter*, 111 *Ga.* 45, and cases cited. Nor is it necessary for the deed itself to be exhibited to the witness, in order for him to testify as to its real consideration, when he is able to swear to personal knowledge of the making thereof and what constituted the consideration. The testimony of White was not offered to prove the execution of the deed, but simply to identify the instrument which he had prepared and witnessed, and to show what was its true consideration and the circumstances under which it was executed.

2. Another objection filed by the defendant to the interrogatories was: "Defendant objects to all the testimony sought to be elicited from this witness, on the ground that any facts which he may know arose from his employment as counsel, and is illegal and inadmissible in evidence." Under the Civil Code, § 5271, an attorney can not testify for or against his client as to any matter or thing knowledge of which he may have acquired from his client by virtue of his relation as attorney, or by reason of the anticipated employment of him as attorney. Under White's testimony, he was not the attorney of either Dunn or Smith in the preparation of the deed in question. It does not appear that either of them employed him to draft it, but they simply agreed that he should do so. Neither of them paid him anything for his services, or agreed to compensate him. He was interested in collecting his fee, and was evidently very willing to prepare the deed without compensation, in order

that he might be enabled to collect the fee which Dunn owed him for services in another and distinct transaction. As said by Chief Justice Bleckley, in *Brown* v. *Matthews*, 79 *Ga.* 8, "To exclude declarations as communications to counsel, or made with a view to employment, their root in the relation, or contemplated relation, of client and attorney must be manifest. They must be the offspring of the relation, present or prospective, not of taking or expecting to take the fruits of such a relation without forming it. . . Generally, the test of employment is the fee. Furthermore, what is known to both parties is not a confidential secret in a subsequent controversy between them." See also *Stone* v. *Minter*, supra. White not being the attorney of either Dunn or Smith in writing the deed, their communications to him in reference to its real consideration were not privileged, and he was a competent witness to testify in relation thereto. It follows that the judgment of the court must be

*Reversed. All the Justices concurring, except Lewis, J., absent.*