PETERS, Appellant, v. LOHR et al., Respondents.

(152 N. W. 504.)

(File No. 3613. Opinion filed May 10, 1915.)

1. Evidence—Oath of Tax Assessor—Best and Secondary Evidence— Photographic Copy of Assessment Return, Admissibility.

Upon the question whether the assessor took the statutory oath to a tax return, the jurat not being signed, where the county auditor and deputy denied administering the oath, and the assessor testified by deposition taken in another state that the auditor administered the oath and that witness signed the return and oath, his testimony being based largely upon the purported photographic copy of the return and oath, which copy was attached to his deposition, the original return and oath being in court and available, held, that, as said originals would not in themselves affirmatively show whether or not the assessor was sworn, the admission of the photograph and of the testimony of the assessor in connection therewith was not error, since such testimony did not involve as a material fact the identification of the hand writing or the contents of an original record or document, but was merely collateral thereto, and it is not necessary that the original should be before him when testifying, and moreover, the copy and the original both

being before the court, it could not be assumed, unless the two were in fact identical, that the trial court was influenced by the testimony based on the copy.

2. **Same—Foreign Records—Photographic Copy, Admissibility.**
Where original documents are out of the jurisdiction and contained in public or other archives, photographic copies, properly authenticated, are admissible in evidence.

3. **Evidence—Presumption, Status of, Under Direct Evidence.**
Presumptions are not, in themselves, evidence of any fact, and determine only whether parties are required to go forward with evidence; and they vanish in presence of direct evidence as to facts.

4. **Appeal—Error—Presumption as to Findings.**
The presumption is that the trial court did not consider or give weight to improper or incompetent evidence as the basis of findings.

5. **Appeal—Oath of Assessment Return—Evidence, Sufficiency of to Support Findings.**
Evidence upon the issue whether the assessor took the statutory oath to an assessment return, where evidence was conflicting, held, sufficient to sustain the burden of proof in favor of findings that such oath was taken.

Appeal from Circuit Court, Hamlin County. Hon. CARL G. SHERWOOD, Judge.

Action by James W. S. Peters against Mary V. Lohr and others, to set aside a tax deed and to quiet title. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Case & Case,* for Appellant.

*Cheever & Cheever,* and *F. W. Lohr,* for Respondents.

(3) Under point three of the opinion, Appellant cited: Peters v. Lohr, 24 S. D. 605, 124 N. W. 853; Elliott on Evidence, Secs. 91, 92, 93; Wigmore on Evidence, Secs. 2490, 2491.

(4) Under point four of the opinion, Respondents cited: Godfrey v. Faust, 101 N. W. 719 (S. D.), and many cases there cited; 2 Ency. P. & P., 474; In re McClellan's Estate, (S. D.) 107 N. W. 686; Fowler et al. v. Iowa Land Company, Ltd., (S. D.) 99 N. W. 1095.

SMITH, J. This case was before this court in Peters v. Lohr, 24 S. D. 605, 124 N. W. 853. The facts and issues are fully stated in that decision, and need not be referred to at this time, further than is necessary to discuss the question presented

upon this appeal. That decision is decisive of all questions aris-
ing in the case, with the single exception to be noted. Upon the
former appeal the cause was remanded for a new trial to settle
a single issue not determined at the former trial, viz., whether.
the assessor, in fact, took the oath authenticating the assessor's
return to the tax list, as required by law. Upon the former ap-
peal, following Avant v. Flynn, 2 S. D. 153, 49 N. W. 15, it
was held that, if the oath required by the statute was, in fact,
taken by the assessor, and through inadvertence or other cause
the officer administering the oath failed to attach his certificate
to the assessment roll, such omission would not render the assess-
ment void, and that the burden of proof was on the respondent
to show that no oath was taken by the assessor. Upon the new
trial the cause was before the court on this single controverted
issue.

[1] To sustain the burden of proof on his part, plaintiff called
as a witness one E. S. Brown, who testified that he was the
auditor of Hamlin county, and produced and identified the assess-
ment book for the year 1900, containing the particular assessment
in question, and upon which the tax deed was based, and con-
taining the alleged return of the assessor for that year. The as-
sessor's return and oath contained in the assessment book pur-
ported to be signed by Charles E. Steie, assessor, which signature
was followed by an unsigned jurat, as follows:

"Subscribed and sworn to before me this 26th day of June,
1900.                          ————————————,

                    "Auditor of ———— Co., S. D."

One O. E. Anderson, called as a witness on behalf of plain-
tiff, testified that he was county auditor of Hamlin county in
1900; identified the assessment book referred to by the witness
Brown; and testified that the blank spaces in the assessor's return
and oath, filled in in writing, were not filled in by him, and were
not in his handwriting. He also testified that the handwriting in
the filled blank spaces was that of one E. S. Brown, who was his
deputy in the year 1900. He also testified, in effect, that to the
best of his knowledge and belief, he never administered the oath
to the assessor, Steie.

Ed S. Brown, again called as a witness for plaintiff, upon
examination of the original assessor's return and oath, testified

that the blank spaces therein were filled in his own handwriting, and that to the best of his knowledge and belief, he did not administer the oath to the assessor, Steie. Plaintiff then rested.

The defendant offered in evidence the deposition of Chas. E. Steie, taken at Emmons, N. D., who testified that he had resided in North Dakota for 7 years, and prior to that time he had lived in Hayti township, S. D., for 15 years; that he was township assessor of that township in 1900; that he completed the assessment and returned the assessor's book to the county auditor, Anderson, and at that time signed the return and oath in the back part of the assessor's book; that the county auditor, Anderson, at that time administered the oath to him. Defendant thereupon asked the notary taking the deposition to have attached to the deposition and marked as "Exhibit C" a purported photographic copy of the assessor's return and oath. Plaintiff's counsel thereupon objected to Exhibit C as incompetent, irrelevant, and immaterial, not within the issues of the case, and incompetent for any purpose, and not the best evidence. (Similar objections were made to other photographs attached to the deposition, but they are not material to the issue here presented.) He also testified that Auditor Anderson filled in all the blanks in the assessor's oath and return shown by the photograph before his signature thereto on that day, and that Anderson administered the oath to the return. The testimony of this witness concerning the assessor's oath and return appears to have been based largely upon the purported photographic copy of Exhibit C, which was again objected to by appellant's counsel at the trial, among other things, as "not the best evidence." The objection was overruled, and this ruling is assigned as error. In Re McClellan, 20 S. D. 498, 107 N. W. 681, photographic reproductions of portions of enlistment papers in the British army were held properly received in evidence with respect to the dates of a soldier's enlistment and desertion, where original army records could not be produced, and the photographer testified he took a correct negative of the original records, and that the photographs were correct and exact photographs of the originals.

In Eborn v. Zimpelman, 47 Tex. 503, 26 Am. Rep. 315, which appears to be a leading case, and is cited by Prof. Wigmore, in his work on Evidence (volume 1, § 797, note 4), it

seems to be held that photographic copies may be used as secondary evidence, but that:

"If photographic copies of writing may be made useful as affording increased facilities for obtaining the testimony of distant witnesses as to handwriting, our opinion is that, until the Legislature sees fit to authorize their use for such a purpose under proper precautions, the courts can only allow it, where better evidence is not to be had, and that the mere fact that the witness is a resident of another state, and the writings are on file in a court of this state, does not present such a case."

Mr. Wigmore in the note to the text states the holding thus:

"But the fact that the witnesses to the signature were in another state, and the original signature to be testified to was in the files of the court, did not constitute unavailability, sufficiently to allow the use of a deposition taken in the other state and founded on photographic copies sent to the witnesses for examination."

[2] Where originals are out of the jurisdiction and contained in public or other archives, photographic copies properly authenticated, may be received. Howard v. Russell, 75 Tex. 171, 12 S. W. 525; Ayers v. Harris, 77 Tex. 113, 13 S. W. 768. In these cases two principles are involved: First, that secondary evidence may not be used unless the primary or best evidence is unavailable; and, second, unavailability of primary evidence being shown, secondary evidence, such as photographic copies, to be admissible, must be properly authenticated as correct and accurate.

In the case at bar the primary evidence, the record of the auditor's office, was in court, and therefore available. The precise objection urged by appellant is that, so long as the primary evidence is available, secondary evidence by way of protographic copies cannot be used as a foundation for the evidence of a witness taken by deposition, and who is not within the jurisdiction of the court. If the contents of the original record were directly in issue, the question would be a much more difficult one. But when a witness' testimony does not involve, as a material fact, under the issues, the identification of the handwriting or contents of an original record or document, but is merely collateral thereto, it does not seem necessary that the original should be

before him when testifying. Harkless v. Smith, 115 Ga. 350, 41 S. E. 634; Clark v. Butts, 78 Minn. 373, 81 N. W. 11. The original assessor's oath and return did not, in itself, affirmatively show either that Steie was or was not, in fact, sworn, because it discloses that the jurat was unsigned, and the presumption of performance of duty by a public officer cannot exist when the record of his official acts negatives the performance of such duty.

[3] Presumptions are not, in themselves, evidence of any fact, and determine only whether parties are required to go forward with evidence. They vanish in the presence of direct evidence as to the facts. Peters v. Lohr, supra.

Whether the oath was, in fact, administered depends upon the evidence contained in the recitals in the tax deed, and the oral testimony of the witnesses Anderson, Brown, and Steie. The purported photographic copy of the assessor's return and oath and the original document were both before the trial court. The contents and handwriting were merely collateral to the real issue. Unless the two were, in fact, identical in all material respects, we cannot assume that the action of the trial court in making its findings of fact was in any degree influenced by the testimony of Steie, so far as it was necessarily based upon the photographic copy.

[4] The presumption is that the trial court did not consider or give weight to incompetent or improper evidence. The witness Steie was permitted to testify that he was acquainted with Anderson's handwriting, and that Anderson filled in, in his own hand writing, the blank spaces in the photographic copy. This evidence was objected to as incompetent and immaterial. The witness was asked the further question:

"Did you see Mr. O. E. Anderson write those words in the assessor's return and oath that day? Answer: Yes, sir. Question: Did he fill all of the blanks in the assessor's return and oath that day? Answer: All that shows here in this photograph he filled in the book."

This testimony was not addressed to, and had no specific bearing upon, the real issue, as to whether the oath was, in fact, administered to the witness Steie. If the oath was administered to Steie, the identity of the handwriting was wholly immaterial. We think, therefore, that this evidence falls within the rule an-

nounced in Harkless v. Smith, supra, and Clark v. Butts, supra.

[5] Other assignments of error relate to leading questions. We have examined these assignments, and are convinced that they present no reversible error. They do not require discussion. The evidence before the trial court was conflicting, and involved various collateral matters tending to corroborate or to dispute the oral testimony of the several witnesses. It is however sufficient to sustain the findings of the trial court, and we are unable to say that the findings are against the preponderance of the evidence.

We must therefore affirm the judgment and order of the trial court.