## COOPER et al. v. JOHNSON.

FISH, C. J. 1. This is a direct bill of exceptions under the Civil Code (1910), § 6144, to review a verdict and decree rendered against the defendants below. The case is an equitable action for specific performance of a parol contract of bargain and sale of certain land, to have the title thereto decreed to be in the plaintiff, and for the recovery of the same. The court properly held that the plaintiff was a competent witness to testify as to the making of such parol contract between himself and his alleged vendor, since deceased, and as to the terms of the contract and full payment by plaintiff for the land in accordance with the agreement, the action being against the heirs at law of the sole heir of the plaintiff's vendor, such vendor and his sole heir having died intestate, and no administration having been had upon their estates. *Hall* v. *Butler*, 148 *Ga.* 812 (2), 815 (98 S. E. 549). and cases cited.

2. Plaintiff on direct examination testified as follows: "All these items of money and provisions and taxes in this bill of particulars set out and attached to my petition, as paid and furnished by me to Richard Bowen and wife, are correct and were so paid and furnished by me." On cross-examination he testified: that "he did not make out the said accounts: that the storekeeper where he traded made it up; that it was kept in a book and was copied out of the book; that witness had the book (which was introduced in evidence without objection); that he could not read or write; that his lawyer . . made up the account, and witness said it was correct after . . his lawyer read him the account." This testimony was objected to, and defendants moved to rule it out on the grounds, "that it was purely hearsay: that there was higher and better evidence within reach of plaintiff, unaccounted for; that said evidence being offered for the purpose of showing performance of an alleged contract, by plaintiff, its effect was harmful to defendants, was inadmissible and incompetent." *Held*, that this testimony was not inadmissible for any reason assigned.

3. Under our practice since the act of 1839 (Civil Code. § 5425). a decree for specific performance operates as a deed to convey land or other property, without any conveyance being executed by the vendor. However, where in an action for specific performance of a contract for the sale of land a verdict was rendered for the plaintiff, and a decree entered upon such verdict ordered the defendants, within ten days from the date of the decree, to make to the petitioner a conveyance of all of their right, title, and interest in the land in question, and, should defendants fail to execute and deliver such conveyance to petitioner within the time prescribed, that then the clerk of the court as commissioner appointed by the court should make such a conveyance to petitioner. vesting the title to the land in question in him: *Held*, that such order in the decree did not affect its validity, and was in accordance with the old equity practice in such cases.

4. The other assignments of error are without merit, and are not of such character as to require any discussion.

5. There was evidence to authorize the verdict.

*Judgment affirmed. All the Justices concur.*

No. 2337. JUNE 16, 1921.

Equitable petition. Before Judge Meldrim. Chatham superior court. August 13, 1920.

*Livingston Kenan* and *Anderson Ulmer,* for plaintiffs in error.
*Alexander R. MacDonell,* contra.