### 16105.   BLUMBERG *v.* GRANT.

STEPHENS, J.   1. Where an uncontradicted fact testified to by a witness whom it is sought to impeach by disproof of other facts testified to by him is corroborated by other testimony, which, although hearsay and inadmissible, has been admitted without objection, and it nowhere appears in the record that such uncontradicted testimony was made a matter of issue, either upon the ground of the incredibility of the witness or otherwise, and where the trial judge instructs the jury that they are the judges of the credibility of witnesses sought to be impeached, a statement by the judge to the effect that the testimony of the witness, as respects the matter not contradicted, is undisputed and is established as true, can not be regarded as prejudicial, as amounting to an endorsement by the judge of the credibility of the witness as respects the matters in controversy testified to.

2. In charging on the law as respects impeachment of witnesses, it is proper to omit an instruction that the jury must disregard the entire testimony of an uncorroborated witness who has been successfully impeached. Whether the testimony of such a witness should be disregarded is, where the witness has not sworn wilfully and knowingly false, a matter for the jury.

3. Where, upon the allegations appearing in a petition for certiorari, no reversible error appears, the dismissal of a traverse which seeks to establish the truth of the allegations in the petition, filed by the plaintiff in certiorari to the answer of the trial judge, is harmless to the plaintiff in certiorari.

4. This being a suit in trover to recover the value of a diamond ring stolen from the plaintiff and alleged to have been bought by the defendant from the thief, and the evidence being contradictory as to whether the defendant had converted the ring, the verdict found for the plaintiff was authorized, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Certiorari; from Fulton superior court—Judge Bell. October 14, 1924.

*Chambers & Dickey,* for plaintiff in error.
*McElreath & Scott, John M. Graham,* contra.