20920. PARKER *v.* WELLONS, administrator.

*M. Felton Hatcher,* for plaintiff in error.

*C. A. Christian, J. W. Bloodworth,* contra.

Bell, J. Mrs. J. M. K. Barfield brought suit against S. V. Parker to recover the alleged purchase-price of the plaintiff's interest in certain lands sold and conveyed to the defendant by the plaintiff and her sister, Mrs. Gillis. Mrs. Barfield died before the trial, and Wellons, as administrator, was made plaintiff in her stead. The trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $500 and interest, as sued for. The court refused the defendant's motion for a new trial, and he excepted.

According to the plaintiff's contention as set forth in the petition, the defendant Parker, a brother of Mrs. Barfield and Mrs. Gillis, was administrator of the estate of their father, Weeks Parker, and in this capacity sold at public outcry a tract of land belonging to the estate. Mrs. Barfield and Mrs. Gillis became the purchasers of the property at this sale, and "immediately in turn by agreement with all the heirs sold said property and deeded same to the said defendant . . for the price of $6,750," with the understanding that the defendant was to pay each of the nine heirs, including the plaintiff, the sum of $750 as the purchase-price. The defendant afterwards paid to the plaintiff the equivalent of $250, leaving a remainder of $500 principal due to the plaintiff.

The defendant in his answer admitted the purchase of the property from the plaintiff and her sister, as alleged in the petition, but denied "that he was ever due the plaintiff $750," or that he was "indebted to the plaintiff in any sum whatsoever."

■ In one of the grounds of the motion for new trial the defendant complains that the court erred in admitting the testimony of J. W. Bloodworth, an attorney who had represented the defend-

ant as administrator. The evidence objected to was as follows: "I am a practicing lawyer at the Houston bar. I knew Mrs. J. M. K. Barfield in her lifetime. She is now dead. I know S. V. Parker, the defendant. I am familiar with the transaction in connection with the sale of the property of the Weeks Parker estate. The administrator, under my direction, advertised the property according to law, and it was sold before the court-house door for $6,750. S. V. Parker was administrator. Mrs. Barfield and Mrs. Gillis bid in the property, and afterwards they sold the property to S. V. Parker, and he was to pay them $6,750 for it. That was the Weeks Parker estate and S. V. Parker was administrator. After the property was sold at public outcry and bid in by Mrs. Barfield and Mrs. Gillis, who were sisters of S. V. Parker, they sold the property back to S. V. Parker for $6,750. I was attorney for S. V. Parker. . . I don't think I represented the company that made a loan on this place. I can not say whether this is Mrs. J. M. K. Barfield's signature or not. I don't know whether this is her signature to this paper dated Perry, Georgia, 2/12/25, a receipt for $672.81, or not. The receipt is in my handwriting. I don't know whether Mrs. Barfield signed it or not, but I know it came back like it is now. This receipt was written by me sometime after the sale of the property. It was not given on the date of the sale. All of them gave receipt in order that S. V. Parker might be dismissed from the administration." The defendant objected to this evidence at the time it was offered, "upon the ground that the witness was attorney for S. V. Parker; the said evidence, being secured by the said witness while he occupied the confidential relation of attorney and client, was incompetent, and was improperly admitted in evidence by the trial judge."

We can not say that the court erred in admitting the testimony of the witness Bloodworth. "As to facts knowledge of which an attorney acquires from his client by virtue either of his relation as attorney or of his anticipated employment as such, he is not a competent witness" (*Philman* v. *Marshall,* 103 *Ga.* 82 (4), 29 S. E. 598); but in this case the witness did not testify, and the motion for a new trial does not allege, that he acquired the knowledge from his client by virtue of his relation as attorney, or by reason of the anticipated employment of him as such. In order to render the attorney incompetent as a witness, "he must have ac-

quired his knowledge from his client by virtue of his relations as attorney, or by reason of the anticipated employment of him as attorney. If he acquires the knowledge in any other manner, he is both competent and compellable to testify." *Skellie* v. *James,* 81 *Ga.* 419 (2), 425 (8 S. E. 607). The mere fact that the relation existed did not render the testimony objectionable.

Section 5860 of the Civil Code of 1910 provides that no attorney shall be competent or compellable to testify in any court in this State, for or against his client, to any matter or thing knowledge of which he may have acquired from his client by virtue of his relations as attorney or by reason of the anticipated employment of him as attorney, but shall be both competent and compellable to testify for or against his client as to any matter or thing knowledge of which he may have acquired in any other manner. In *Chappell* v. *Smith,* 17 *Ga.* 68, the Supreme Court held that "To make an attorney at law incompetent to testify of a fact, the knowledge of the fact must have been acquired by him *both* during the relationship of client and attorney and by reason of that relationship." A part of the evidence was in relation to a public sale, and knowledge of this and of certain other facts referred to could have been acquired by the attorney independently of the relation of attorney and client. Some of the facts could have transpired in negotiations between Mrs. Barfield and Mrs. Gillis on the one side and the defendant on the other, when each and all of them were present. The knowledge of the attorney with respect to these matters would not have been confidentially acquired, and as to them he could have been compelled to testify. *Stone* v. *Minter,* 111 *Ga.* 45 (36 S. E. 321, 50 L. R. A. 356).

"'Evidence is presumed to be admissible unless some objection is made which shows the contrary;" and "where the admissibility of evidence is doubtful, the rule in this State is to admit it for the consideration of the jury under proper instructions from the court." *Jasper County* v. *Butts County,* 147 *Ga.* 672, 673 (95 S. E. 254). Where evidence is objected to, the burden is upon the objecting party to show where the evidence is inadmissible. *Murphey* v. *Bush,* 122 *Ga.* 715, 719 (50 S. E. 1004). In the absence of anything to show that the evidence of Mr. Bloodworth was based upon knowledge which he acquired both during and by reason of the relationship or in virtue of anticipated employment,

much, if not all, of his testimony was apparently admissible; and even if other portions appeared to be objectionable, this ground of the motion for new trial is insufficient and invalid, in view of the rule that "Where evidence is offered in mass, and parts of it are competent, an objection going to the entire evidence, without specifically pointing out that which is incompetent, will not avail the objecting party in the reviewing court." *Knight* v. *State,* 143 *Ga.* 678 (6) (85 S. E. 915); *Dixie Mfg. Co.* v. *Ricks,* 153 *Ga.* 364, 370 (112 S. E. 370). See further, as to the admissibility of evidence of an attorney, *Causey* v. *Wiley,* 27 *Ga.* 444 (2); *Collins* v. *Johnson,* 16 *Ga.* 458; *Freeman* v. *Brewster,* 93 *Ga.* 648 (5) (21 S. E. 165); *Jackson* v. *Bennett,* 98 *Ga.* 106 (2) (26 S. E. 53); *Harkless* v. *Smith,* 115 *Ga.* 350 (2) (41 S. E. 634); Civil Code (1910), §§ 4965, 5786.

We may add in this connection that practically every fact testified to by the witness Bloodworth was admitted by the defendant in his answer. Paragraph 4 of the petition alleged that the "property was brought to sale in February, 1925, being 204 acres of land in the county of Houston, and that your petitioner and her sister Mrs. Gillis, who is also a sister of the said defendant, purchased said land at said administrator's sale and immediately in turn, by agreement with all the heirs, sold said property and deeded same to the said defendant S. V. Parker at and for the price of $6,750, and that the said S. V. Parker was to pay each of said heirs the sum of $750, one of whom was your petitioner, for the said land so purchased and deeded as aforesaid." The defendant responded to this averment as follows: "Defendant admits the purchase of the property described in paragraph 4, but denies that he was ever due the plaintiff $750." In a further paragraph of his answer the defendant denied that he was indebted to the plaintiff in any sum whatever.

While the answer did not expressly admit, it still did not deny, the plaintiff's allegation as to the amount of the agreed purchase-price, nor was there any effort to explain why the defendant should "neither admit nor deny such averment." Civil Code (1910), §§ 5539, 5637. It thus appears that every fact alleged in paragraph 4 of the petition, except the amount of the resulting or remaining indebtedness, should be treated as having been admitted in the defendant's answer. The defendant having in effect admitted that

he purchased the property upon the terms stated, and having denied only the allegations as to indebtedness and nonpayment, *the only issue raised by the answer was in reference to payment.* The attorney did not testify at all in regard to this issue, unless in the statement that all of the heirs "gave receipt in order that S. V. Parker might be dismissed from administration," which statement might have implied that the receipts were not given as evidence of an actual settlement. The testimony upon this point did not purport to relate to confidential information, but had reference to a transaction occurring between the defendant and the other contracting parties, at which, so far as appears, each and all of them were present. "It is the secrets of the client which affect his right that the law does not permit the attorney to divulge, and it seems to be well settled, on authority, that if the communication made by the client to the attorney is in the presence of the other party to the contract, and it comes within his knowledge, such communication is not embraced in the rule which prohibits that it may be given in evidence by the attorney when called on so to do." *Stone* v. *Minter,* supra.

It is clear, from the record, that the admission of the testimony of the attorney, over the objections made, did not require the grant of a new trial to the defendant.

■ In ground 5 of the motion for a new trial error was assigned upon the admission of the following testimony of Miss Jimmie Barfield, a daughter of the deceased plaintiff: "He [the defendant] visited our home in Houston county to see my mother before we moved to Tifton. I heard a conversation between the defendant and my mother about his owing her for the purchase of this land." The objection urged before the court was "that the alleged conversation was a statement of a person now deceased, and therefore was incompetent, immaterial, irrelevant, and hearsay." Apparently the contention was that the witness, Miss Barfield, should not be permitted to testify to a statement made to the defendant by her deceased mother. The excerpt from the testimony as quoted above does not show the contents of such statement, and therefore this ground of the motion fails to show any error harmful to the defendant; but the evidence does not appear to have been objectionable under any rule against admitting testimony as to transactions or conversations with persons since

deceased. Civil Code (1910), § 5858; *Sherman* v. *Stephens,* 30 *Ga. App.* 509 (2) (118 S. E. 567); *Renilz* v. *Williamson,* 149 *Ga.* 241 (99 S. E. 869).

■ In ground 6 of the motion for new trial it is complained that the trial judge, in overruling the objection to the evidence referred to in the preceding division, committed error in making the following statement in the presence of the jury: "She is testifying as to the declarations of the defendant." A similar question is raised in ground 9 of the motion. In this ground it appears that Miss Barfield was allowed to testify as follows: "The property was sold for $6,750; that was the purchase-price the defendant agreed to pay when he bought the property from my mother and Mrs. Gillis. In the conversations I heard the defendant stated what amount or portion my mother was to get. I have heard the defendant say ₜhat, and that is what I am referring to." On objection to this evidence by counsel for the defendant, the trial judge said: "I will let it in as an admission." In both of these grounds it is contended that the statements amounted to expressions of opinion in the presence of the jury as to what had been proved, gave probative value and judicial approval to the evidence of the plaintiff, and placed an improper emphasis upon the testimony, to the injury and prejudice of the defendant.

The witness testified that she heard several conversations between the defendant and her mother, in which the latter would ask the defendant to pay the amount claimed, and that the defendant did not deny owing the money, "in any of these conversations," but "would always say he was going to get some money, or he didn't have it and that he was going to get a loan and he would pay her then."

The statements made by the trial judge in connection with his rulings upon the testimony objected to did not constitute reversible error. "A trial judge can state his reasons for admitting or refusing to admit evidence, if such reasons are pertinent to the objections to evidence and the ruling made thereon; and this statement does not constitute such an expression of opinion as is violative of section [4863] of the Civil Code." *Jones* v. *Pope,* 7 *Ga. App.* 538, 540 (67 S. E. 280). An examination of the following additional cases relating to questions of this kind will clearly demonstrate that a new trial should not be ordered by this court

upon grounds 6 and 9 of the instant motion: *Ficken* v. *Atlanta,* 114 *Ga.* 970 (3) (41 S. E. 58) ; *Howell* v. *State,* 162 *Ga.* 14 (5) (134 S. E. 59) ; *Reed* v. *State,* 163 *Ga.* 206 (2) (135 S. E. 748) ; *Daniels* v. *Avery,* 167 *Ga.* 54 (3 c) (145 S. E. 45) ; *Chapman* v. *State,* 23 *Ga. App.* 359 (98 S. E. 243) ; *Blumberg* v. *Grant,* 34 *Ga. App.* 253 (129 S. E. 144).

In ground 11 it appears that at the close of the evidence the defendant's counsel moved for a directed verdict, and that the court replied with the question, "Didn't she testify to admissions of S. V. Parker?" This remark also is complained of as a violation of the rule against expressions of opinion by the trial judge as to what has or has not been proved. It was true that the witness had testified as to admissions on the part of the defendant, and the court did not err in propounding the question which implied this fact. *Stapleton* v. *State,* 19 *Ga. App.* 36 (11) (90 S. E. 1029).

The following cases relied on by counsel for the plaintiff in error involved instances of manifest digression beyond legitimate comment or explanation by the trial judge in ruling upon the admissibility of testimony, and are distinguished upon their facts from the case at bar: *Sharpton* v. *State,* 1 *Ga. App.* 542 (57 S. E. 929) ; *Florida Central &c. R. Co.* v. *Lucas,* 110 *Ga.* 121 (2) (35 S. E. 283). Other cases cited in this connection were in reference to expressions of opinion in the charge of the court, and are inapplicable.

A further contention of the defendant is that the court erred in admitting the testimony of Miss Barfield to the effect that "the property was sold for $6,750; that was the purchase-price the defendant agreed to pay when he bought the property from my mother and Mrs. Gillis," over objection that the deed between the parties was the highest and best evidence. There is no merit in this contention. The consideration of a deed may always be inquired into when the principles of justice require it. Civil Code (1910), § 4179. "Testimony of the character of that objected to does not tend to vary the terms of the instrument. *Stone* v. *Minter,* supra, 45, and cases cited. Nor is it necessary for the deed itself to be exhibited to the witness, in order for him to testify as to its real consideration, when he is able to swear to personal knowledge of the making thereof and what constituted the con-

sideration." *Harkless* v. *Smith,* supra. While the witness testified that she did not attend the administrator's sale and had no personal knowledge of the price at which the property was sold to her mother and Mrs. Gillis, and indicated that she was not present at the making of the agreement, if any, between these grantees and the defendant to resell to him at the same price, it was permissible for her to testify as to admissions of the defendant as to such resale, including the fact of consideration. Moreover, as indicated above, the defendant admitted in his answer the allegations that he had bought the property from Mrs. Barfield and Mrs. Gillis at and for the price of $6,750, denying, however, that he was ever indebted to the plaintiff in any sum whatever.

■ The defendant produced certain receipts, including one signed by Mrs. Barfield for the sum of $672.81, which he claimed was in full settlement of her interest in the estate. He introduced also an affidavit executed by Mrs. Barfield and another distributee, to the effect that the estate of Weeks Parker had been wound up and the proceeds divided among the heirs, and that each "received his or her portion of said estate, receipted therefor, and the receipts are recorded in the ordinary's office of Houston county, Georgia." The plaintiff's contention was that the receipts executed and delivered to the administrator did not evidence or represent money actually paid to the heirs, but that they were signed merely in pursuance of an agreement whereby the lands were sold at public outcry to Mrs. Barfield and Mrs. Gillis and thereafter reconveyed to the defendant in consideration of his personal promise to pay to each of the heirs the sum of $750. The evidence authorized the inference that the affidavit, whether true or untrue, was made to assist the defendant in obtaining a loan upon the property. Certain excerpts from the charge of the court will be understood in the light of these facts.

It is assigned that the court erred in charging the jury as follows: "Under the law a receipt is prima facie evidence of the fact it recites. If the receipt recites she was paid $672.81, prima facie that is the truth of the case. That, however, is not conclusive; it is not a conclusive presumption. She has a right to rebut that. No receipt is conclusive evidence, but evidence may be introduced to show the receipt does not correctly express the truth of the case." It is complained in the motion that this

charge was not a fair and proper statement of the law in reference to receipts; that it was confusing, in that the court first instructed the jury that a receipt is prima facie evidence, and later stated that a receipt is not a conclusive presumption, so that the rule of law in reference to prima facie evidence was confused with the rule in reference to prima facie presumptions; and that the charge was incomplete and misleading, because it did not fully instruct the jury in reference to the burden of proof, nor as to how or in what way "this prima facie evidence of fact can be rebutted." The charge was not erroneous for any reason assigned. See, in this connection, Civil Code (1910), § 5795; *George* v. *McCurdy,* 42 *Ga. App.* 614 (3) (157 S. E. 219).

After stating certain contentions of the plaintiff, the court charged the jury as follows: "On the other hand, you have a copy of an affidavit purporting to be signed by Mrs. Barfield and witnessed by Mr. J. H. Culler, that makes certain recitals. You take all these things into consideration and weigh them, and find what is the preponderance of evidence and where the preponderance of evidence lies, whether in favor of the plaintiff that Parker was indebted to her in the sum of $750, or whether the contention of the defendant is the truth, that he does not owe her anything at all, that anything he ever owed her has been paid. That is a pure issue of fact for the jury." This excerpt was alleged to be erroneous upon the ground, among others, that it "fails to instruct the jury as to probative value of the affidavit signed by Mrs. Barfield and witnessed by J. H. Culler, and fails to instruct them that they could consider the affidavit as an admission of payment, and if true that the plaintiff could not recover."

The affidavit which had been signed by Mrs. Barfield, and in which she had stated on oath that each of the heirs had received full settlement for his or her share of the estate, was not conclusive against her in the action based upon a personal liability of the defendant. *Dixon* v. *Cassels Co.,* 34 *Ga. App.* 478 (2) (130 S. E. 75). In fact, the evidence authorized the inference that the estate had been fully settled, but that the personal liability of the defendant had been accepted as a substitute for his liability as administrator. In this view, the affidavit was not necessarily inconsistent with the theory of the present suit. The excerpt last quoted was not erroneous upon any ground stated. If the defendant desired

a more thorough and complete charge as to the weight which the jury might have attached to the affidavit as evidence in behalf of the defendant, a timely written request therefor should have been made. *Charleston &c. Ry. Co.* v. *Duckworth,* 7 *Ga. App.* 350 (3) (66 S. E. 1018); *Wisenbaker* v. *Arnett, 23 Ga. App.* 51 (97 S. E. 452).

■ The court instructed the jury that if they should find in favor of the plaintiff the verdict should be for the sum of $500 and interest, as sued for. The defendant excepted to this charge, upon the ground that under the evidence the jury could have found for the plaintiff in a lesser sum. There is no merit in this contention. The defendant admitted in his answer that he had purchased the plaintiff's interest in the property for $750, and it appeared from the plaintiff's petition that the defendant had paid to the plaintiff $250. The defendant was therefore indebted to the plaintiff in the sum of $500, unless the receipt which the plaintiff gave to the defendant as administrator for $672.81 some time after the sale represented a full settlement of the defendant's liability in any capacity. The jury were authorized to find that this receipt did not represent any actual payment of money, but was given merely for the purpose of enabling the defendant to procure a loan upon the property, so as to raise funds with which to pay the plaintiff and the other heirs the amount of his personal liability for the purchase-price of such property. The defendant did not offer evidence of any other payments, and the sole question was as to the effect of such receipt. Under the evidence there was no intermediate ground upon which to base a verdict, and the jury were bound to find in the plaintiff's favor the full amount sued for, or else to return a general verdict in favor of the defendant. This is true notwithstanding certain evidence to the effect that the distributive share of each of the heirs, including the plaintiff, amounted to $672.81. The defendant is bound by the admission in his answer to the effect that he purchased the property from the plaintiff and her sister at a price which should have netted the sum of $750 to each of the heirs, and can not be heard to dispute this admission by evidence. *New Zealand Fire Ins. Co.* v. *Brewer, 29 Ga. App.* 773 (6, 7) (116 S. E. 922).

The motion for a new trial contained also the usual general grounds and various special assignments of error, besides those

referred to above; but after a careful examination of all grounds of the motion, we are satisfied that the evidence authorized the verdict and that there is no merit in any of the special grounds of the motion for a new trial.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., concurs specially.*

JENKINS, P. J., specially concurring. Without committing myself to all that is said in the foregoing opinion, I concur in the judgment of affirmance for the following reasons: The defendant admitted in his answer that he purchased the property from the plaintiff on the terms stated in the petition, and denied merely that he was indebted to the plaintiff in any sum. It is even doubtful if the answer raised any issue whatever for trial; but assuming that the answer was sufficient to set forth a valid defense, the only issue made thereby was in reference to payment, and the defendant introduced no evidence whatsoever upon this question except a certain receipt, signed by the plaintiff and made in the defendant's favor as administrator, for $672.81. Although, according to the evidence, this receipt was executed some time after the personal transaction between the plaintiff and the defendant, the receipt did not purport to acknowledge payment· of any personal liability as between the plaintiff and the defendant. The defendant's testimony was exceedingly brief, and not enlightening. He testified as follows: "I am the defendant in this case. I am not indebted to Mrs. J. M. K. Barfield in any amount. Miss Jimmie Barfield has never heard any conversations between myself and her mother. I had no such conversations as testified to by Miss Jimmie Barfield. I do not remember having any conversation with my sister in Bachelor's presence; and as far as the negro is concerned, I never had any conversation with her in his presence. This is the voucher I got as administrator of the estate, and filed it with the ordinary. No such conversation ever took place with D. G. Parker and myself, as testified to by him, in the presence of Jim Parker. He did tell the straight of it about the carpenter work, but I had no conversation with him about this money."

The statements of the other witnesses which the defendant denied in his own testimony were in relation to admissions claimed to have been made by the defendant. His entire testimony upon the direct issue as to his indebtedness with the plaintiff consisted only of

this statement, "I am not indebted to Mrs. J. M. K. Barfield in any amount." It appears from the context that this statement was a mere conclusion and amounted to no evidence whatever of a payment or satisfaction of the purchase-money which was admittedly due to the plaintiff, unless it was in some way paid or satisfied. It appears to me that the pleadings and the evidence actually demanded the verdict in favor of the plaintiff, and, thus, that any errors in the charge of the court were harmless. I am of the further opinion that none of the evidence admitted over objection could have operated to change the legal result. In other words, if the court had excluded the evidence objected to, a verdict for the plaintiff would still have been demanded.

But even if by any sort of liberal construction the evidence would have presented an issue to the jury on the question of payment, I am satisfied that none of the instructions or rulings materially affected that issue, and therefore that none of the special assignments show any substantial ground of complaint.