## RICHARDS *v.* SMITH.

No. 8173.   September 17, 1931.   Rehearing denied September 29, 1931.

*M. B. Eubanks* and *J. M. Lang,* for plaintiff in error.

*Wright & Covington,* contra.

Atkinson, J.   When this case was first before this court (*Richards* v. *Smith,* 170 *Ga.* 398, 153 S. E. 44), there was a reversal because the court erred in directing a verdict for the plaintiff. On the subsequent trial the jury returned a verdict for the plaintiff, and the exception is to the judgment overruling the defendant's second motion for a new trial.   The action was a statutory complaint for land, in which the plaintiff's sole claim of title was under a duly recorded deed purporting to have been executed by the defendant to the plaintiff.   The only attack made by the defendant upon the validity of the deed was as to its delivery.

1.   "Communications made by a client to an attorney for the purpose of being imparted by him to others do not fall within the inhibitions of the law that render an attorney as a witness incompetent to testify to statements or disclosures made to him by his client."   *Fowler* v. *Sheridan,* 157 *Ga.* 271 (121 S. E. 308). The statements or disclosures made to the attorney by his client must be confidential, in order to render the attorney incompetent to testify against his client concerning such statements or disclosures.   Accordingly the court did not err, as complained in the 10th ground of the motion for new trial, in permitting the witness Davis, who was shown to be an attorney employed by the

defendant, to testify in effect, with reference to the deed in question, that he drew the deed; that defendant left it with him for the purpose of delivering it to plaintiff "if he would put up enough money," and that witness delivered the deed; the objection urged to the admissibility of the evidence being "that it was a confidential communication between attorney and client," and that the witness was disqualified, by reason of said relation, to become a witness as to communications between himself and client.

2. The 4th ground of the motion for new trial complains of a refusal to charge the jury, upon request: "I charge you further, that there can be no delivery of a deed unless there be acceptance of said deed by the grantee or some one for him. So if the defendant sought delivery of deed in question at a time when plaintiff refused to accept it, such delivery would not avail to give validity to said deed. There must have been an intent on the part of defendant to deliver the deed and an intent on the part of plaintiff to accept it, and their minds must have met, before there could be any delivery that would give validity to said deed." The part of the requested charge, "So if the defendant sought delivery of deed in question at a time when plaintiff refused to accept it, such delivery would not avail to give validity to said deed," was without support by the evidence. The rest of the requested instruction was substantially given in charge to the jury. There is no merit in this ground.

3. The 5th ground of the motion complains of the refusal of a request to charge the following: "I charge you that plaintiff can not recover unless he proves that the deed in question was delivered to and accepted by him or some one for him, and that the same was upon a valuable consideration paid by him. If he advanced money belonging to some estate which he was administrator on or representative for, and not his own money, as a consideration for such deed, then he can not recover. He can not recover by showing title in some estate which he represents, but must show title in himself personally, before he would be authorized to recover." The 9th ground complains of the following instruction given to the jury: "That it is no concern of yours where the plaintiff in this case obtained the money which was used by him in paying off the prior debt against this land held by Harvey, formerly belonging to Mrs. Johnson; and even though the money

used by him was the money of the estate of the father or mother, or both, of the plaintiff and defendant, and even though upon settlement of the estate, of which plaintiff is administrator, there might be some sum due, as administrator, to the defendant, that would be a matter over which you would not have any concern in this case, as the sole issue for you to consider is whether or not the deed was delivered. If the plaintiff used, to assist the defendant, money in his hands as administrator, he would be liable to account for the same in the proper court where he was appointed administrator; and so far as this court and this case are concerned, it would be just as though he had used his personal money in this transaction." These grounds of the motion are without merit. The action was at law, and, as held by this court on the former trial of the case, "the only attack made by the defendant upon the validity of the deed was as to its delivery."

4. The 6th ground complains of the refusal of a request to charge: "In determining whether or not said deed was delivered, you should consider the evidence as to whether or not plaintiff returned and paid tax on lands referred to in said deed, whether or not he rented same or sought to do so, or did anything to take possession and control of same, and all the testimony as to whether there was any change of the control or dominion over said lands, in so far as same may throw light upon the delivery of said deed and the intention of the parties in regard thereto." The deed in question was relied on as security for a loan which contemplated payment of taxes and continuous possession by the grantor. In these circumstances the fact that the plaintiff did not pay the taxes or take possession of the land would be immaterial on the question of validity of the deed. There was no merit in this ground.

5. The 7th ground complains of this instruction to the jury: "I charge you, gentlemen, that in passing upon the question of whether there was, or was not, a delivery of the deed in this case, you will look to all the evidence, both oral and documentary, you will look and see whether or not defendant left this deed with her agent, Davis, to be delivered by him to the plaintiff; and if you find that she did, and that Davis delivered to the plaintiff in pursuance of this authority from the defendant, then I charge you that would be a delivery of the deed, and you should return a verdict in favor of the plaintiff." The criticism upon this in-

struction is that the words "'left this deed with her agent, Davis,' conveyed an intimation by the court that Davis was her agent, and that he had authority to deliver said deed as agent, and expressed an opinion by the court that he was her agent." The same criticism is made as to an instruction complained of in the 8th ground of the motion, where the judge charged: "In determining whether or not there was a ratification by the defendant of the acts of her agent, Davis, in delivering this deed, you look to the evidence and see whether or not the defendant knew that the deed had been delivered by Davis to the plaintiff, and whether or not she did any act to repudiate the delivery of the deed by Davis, or whether or not she approved and ratified its delivery by Davis; and if you find that the defendant knew of the delivery of the deed by Davis, and that she, with knowledge of this fact, accepted the benefits secured by her by reason of the delivery of this deed, and retained the same, that such act upon her part would be a ratification of the act of her agent; and if you find such facts to exist, you should return a verdict in favor of the plaintiff." The Civil Code, § 4863, declares that it shall be reversible error for a judge of any of the superior courts of this State, "in his charge to the jury, to express or intimate his opinion as to what has or has not been proved." Applying this law it has been held by this court: "Where a fact is conceded to be true and the parties are not at issue with reference thereto, it is not reversible error for the judge, while instructing the jury, to intimate or express an opinion that such fact has been proved." *Georgia, Florida & Alabama Railway Co.* v. *Jernigan,* 128 *Ga.* 501 (57 S. E. 791). In the instant case the defendant testified: "I left this deed with Mr. John Camp Davis, my lawyer, for the purpose of borrowing money on it," and further: "I executed this deed . . and delivered it to Mr. Davis for him to deliver when he borrowed the money on it." This evidence of the defendant is such an admission upon the fact in issue as authorized the judge to refer to the fact without violating the provisions of the above-mentioned section of the code. The 7th and 8th grounds of the motion for new trial are without merit.

6. The evidence was sufficient to support the verdict for the plaintiff, and the judge did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*