LIFSEY *et al.* v. MIMS *et al.*

BELL, Justice. This was a suit in equity by the grantees in a deed to land, against the sole heir at law (a son) of the deceased grantor and other persons claiming under such heir at law, for reformation of the deed as to matter of description, and for other relief. General and special demurrers to the petition as amended were overruled, and this judgment was affirmed. For a statement of the pleadings and the former decision of this court, see *Mims* v. *Lifsey,* 192 *Ga.* 366 (15 S. E. 2d, 440). The subsequent trial resulted in a verdict for the plaintiffs on the substantial issues, including the issue as to reformation. Two of the defendants made a motion for a new trial, which was overruled, and they excepted. *Held:*

1. It appearing from the evidence that the attorney who prepared the deed was not employed to do so, but prepared it merely as a "friendly act" for the grantor, such attorney was not incompetent under the Code, § 38-1605, to testify as to statements made by the grantor at the time and identifying the tract which she intended to convey. *Harkless* v. *Smith,* 115 *Ga.* 350 (41 S. E. 634); *Richards* v. *Smith,* 173 *Ga.* 424

(160 S. E. 608); *Parker* v. *Wellons*, 43 *Ga. App.* 721 (160 S. E. 109). Thus, regardless of whether the statements were of such nature as to be treated as confidential if the relation of attorney and client had been shown, the court did not err in admitting the testimony. The evidence tended to support the allegations as to mutual mistake, and was not irrelevant.

2. Nor was it erroneous, under the Code, § 38-1603(1), to permit one of the plaintiffs to testify as to communications with such grantor, there being no such party defendant that the witness was rendered incompetent as an "opposite party" within the purview of that section. *Boynton* v. *Reese*, 112 *Ga.* 354 (3) (37 S. E. 437); *Rudulph* v. *Washington*, 146 *Ga.* 605 (91 S. E. 560); *Cooper* v. *Johnson*, 151 *Ga.* 608 (2) (107 S. E. 849); *Fleeman* v. *Gay*, 152 *Ga.* 189 (108 S. E. 781); *Donald* v. *Groves*, 160 *Ga.* 163 (126 S. E. 583); *Norton* v. *Brown*, 173 *Ga.* 146 (2) (159 S. E. 702). This ruling accords with the decision in *Thompson* v. *Riggs*, 193 *Ga.* 632 (19 S. E. 2d, 299), where the suit was against a surviving husband as sole heir. See Code, §§ 113-902, 113-903(1); *Tidwell* v. *Garrick*, 149 *Ga.* 290 (99 S. E. 872); *Hardeman* v. *Ellis*, 162 *Ga.* 664 (27) (135 S. E. 195).

3. It appearing that two of the grantees were absent, and that the third grantee acted for them as well as for himself in accepting the deed, a mistake on his part in reference to the description would be a mistake on the part of all of them; and where the same mistake was made by the grantor, there would be a mistake of all the parties, within the rule as to mutuality. Code, § 37-208; *Newell* v. *Styles*, 21 *Ga.* 118; *Kelly* v. *Hamilton*, 135 *Ga.* 505 (2) (69 S. E. 724).

4. The deed in question, having recited a consideration of love and affection for the grantees "and one dollar" in hand paid to the grantor, was not upon its face a voluntary conveyance, but was prima facie a deed based on valuable consideration. *Martin* v. *White*, 115 *Ga.* 866 (42 S. E. 279); *Pierce* v. *Bemis*, 120 *Ga.* 536 (48 S. E. 128); *Morris* v. *Mobley*, 171 *Ga.* 224 (7) (155 S. E. 8); *Coleman* v. *Durden*, 193 *Ga.* 76 (17 S. E. 2d, 176). The evidence did not, as a matter of law, rebut such presumption and show conclusively that the deed was in fact a purely voluntary conveyance; and this being true, it can not be held by this court that the verdict was unwarranted by the evidence, upon the theory that the plaintiffs were mere volunteers. See Code, § 37-217.

5. Under the preceding rulings, there was no merit in any of the special grounds of the motion for a new trial; and the evidence being sufficient to support the verdict, the judge did not err in overruling the motion.

*Judgment affirmed. All the Justices concur.*

No. 14081. APRIL 15, 1942.

*R. S. & C. W. Foy,* for plaintiffs in error.

*Dan S. Beeland, Homer Beeland, Ben F. Neal,* and *Whipple & Williams,* contra.