### YEARWOOD v. STATE.

BELL, Chief Justice. 1. In order to reduce a homicide from murder to manslaughter, there must be more than provocation by mere words, for "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." Code, § 26-1007. Accordingly, in this case, even though there may have been some evidence that the defendant shot and killed the deceased because the latter said to him, "You s- of b-, why don't you quit drinking?" the judge did not err in failing to charge the jury on voluntary manslaughter. See, in this connection, *Robinson* v. *State*, 118 *Ga.* 198 (5) (44 S. E. 985); *Allen* v. *State*, 187 *Ga.* 178 (4) (200 S. E. 109, 120 A. L. R. 495); *Coleman* v. *State*, 149 *Ga.* 186 (2) (99 S. E. 627); *Edmonds* v. *State*, 201 *Ga.* 108 (5) (39 S. E. 2d, 24).

2. Where on the trial of a murder case the solicitor-general contended that one of the motives for the alleged crime was robbery, and tendered in evidence a deposit account of the deceased for the purpose of showing that he had cashed certain checks shortly before the homicide, and where the judge *excluded* such deposit account on objection of the defendant's attorney, a statement made by the judge in connection with such ruling, that "the returned check itself would be the highest and best evidence," was not cause for a new trial, as insisted, on the ground that it left the inference in the minds of the jury that there was a check cashed by the deceased, that he had a sum of money on his person, and that the defendant did rob him. *Fowler* v. *State*, 187 *Ga.* 406 (6) (1 S. E. 2d, 18); *Johnson* v. *State*, 188 *Ga.* 771 (6) (4 S. E. 2d, 639); *Parker* v. *Wellons*, 43 *Ga. App.* 721 (3) (160 S. E. 109). See also, in this connection, *Central of Georgia Railway Co.* v. *Harper*, 124 *Ga.* 836 (4), 842 (53 S. E. 391).

248

3. The State having offered in evidence "the seat of the automobile," counsel for the defendant objected to the introduction of this evidence "as far as the stain is concerned," stating further "There has been no evidence to show it is blood." The judge stated, "If I remember correctly. he [a witness] said he looked at it and in his opinion it was blood. That is admitted." The attorney for the defendant then stated, "Please note my exceptions, may it please the court." In the motion for a new trial, it was insisted that the judge's statement, "that is admitted," inferred to the jury that said stain was blood. *Held*, that the statement, considered with its context, was plainly a ruling that the automobile seat was admitted in evidence, and could not have been reasonably understood by the jury as meaning that the defendant admitted that the stain was blood. This ground of the motion for a new trial does not show error. See, in this connection, the authorities cited in the preceding note, and also *Parker* v. *State*, 197 *Ga.* 340 (5) (29 S. E. 2d, 61); *Daniel* v. *Etheredge*, 198 *Ga.* 191 (15) (31 S. E. 2d, 181).

4. Where a witness for the defendant was asked by the solicitor-general on cross-examination whether he was being paid anything "to come here today," and the witness answered, "Yes, sir," it was not error to allow the solicitor-general to ask the witness the further question, "How much?" over the objection that such latter question was irrelevant; the witness further testifying that he was to be paid a stated sum, he presumed by money raised by the defendant. *Barrett* v. *Southern Ry. Co.*, 41 *Ga. App.* 70 (10) (151 S. E. 690); *Glover* v. *State*, 15 *Ga. App.* 44 (6) (82 S. E. 602).

5. Under the evidence, the jury were authorized to find against the defense of insanity. The evidence authorized the verdict, and there being no merit in any of the special grounds of the motion for a new trial, the denial of a new trial was not error.

*Judgment affirmed. All the Justices concur.*

No. 15502. September 6, 1946.

250

*Vane G. Hawkins,* for plaintiff in error.

*Eugene Cook, Attorney-General, D. M. Pollock, Solicitor-General,* and *Rubye G. Jackson,* contra.