28775. R. H. COODY & ASSOCIATES, INC. v. CITY OF DUBLIN et al.

NICHOLS, Presiding Justice.

The appellant entered into a contract to construct a school building for the Dublin City Board of Education. The contract called for the installation of non-metallic sheathed cable (Romex) electric wire. During construction of the building the City of Dublin notified the appellant that under a city ordinance it required the installation of electrical wires in a school building to be

metallic sheathed cable. The architect then issued an order requiring the appellant to install the more expensive metallic sheathed cable (cable inside metal tubing). The building was completed in accordance with the city ordinance and the change order issued by the architect. The Board of Education refused to pay this increased cost of the metallic sheathed cable and the present action was filed. A motion for summary judgment on this issue of liability only was overruled and upon such judgment being certified for immediate review the present appeal was filed.

The pleadings and deposition of James W. Buckley, a partner in the architectural firm of Dickson, Dickson, Buckley and Bullock were relied upon in support of the motion for summary judgment. The defendants filed no responsive evidence to such motion.

The petition and deposition show that after the bids of contractors were opened for such building it was determined that the low bid exceeded the funds available for such construction. A meeting was held to determine what savings could be instituted to reduce the cost of construction. It was agreed that if the costs of permits, etc. to the City of Dublin were not payable by the contractor and subcontractors a savings could be made which would reduce the cost of construction. Other changes not relevant to this action were also agreed upon.

The representative of the architectural firm was to prepare the changes in the contract. When he prepared the changes instead of striking only paragraph 4.07A he struck all of paragraph 4.07 which included in addition to paragraph 4.07A paragraph 4.07B. These two paragraphs read as follows: "4.07. *Permits, Fees and Notices:* A. The contractor shall secure and pay for all permits, governmental fees and licenses necessary for the proper execution and completion of the work. B. The contractor shall give all notices and comply with all laws, ordinances, rules, regulations and orders of any public authority bearing on the performance of the work. If the contractor observes that any of the contract documents are at variance therewith in any respect, he shall promptly notify the architect in writing, and any necessary changes shall be adjusted by appropriate

modification. If the contractor performs any work knowing it to be contrary to such laws, ordinances, rules and regulations and without such notice to the Architect, he shall assume full responsibility therefor and shall bear all cost attributable thereto in correcting the work."

The changes did not quote the language stricken but merely stated "Delete Paragraph 4.07 'Permits, Fees and Notices' entirely."

The proposal to make changes listed the amount to be saved by eliminating the requirement that the contractor and sub-contractors pay permits, license, etc. fees. There was no proposed savings listed by deleting the provisions of paragraph 4.07B.

The evidence adduced upon the motion for summary judgment as to liability demanded a finding that paragraph 4.07B was stricken by mutual mistake. Compare *Lifsey v. Mims,* 193 Ga. 780 (20 SE2d 32) as to mutual mistakes.

When paragraph 4.07B is considered as a part of the contract the plaintiff corporation is entitled to recover for the "change" which required the more expensive metallic sheathed electrical cable to be installed.

The judgment overruling the motion for summary judgment as to liability must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 8, 1974 — DECIDED MAY 7, 1974.

*Divine, Busbee & Wilkin, R. Kelly Raulerson,* for appellant.

*Beverly B. Hayes,* for appellees.