## 66380. NELSON v. SMOTHERS.

SHULMAN, Chief Judge.

When Nelson sold certain land to Smothers, the parties executed an agreement by which appellant had the option to repurchase the property. Nelson brought an action seeking specific performance of that option to purchase, and a judgment in his favor

was rendered by the trial court and affirmed by the Supreme Court. See *Smothers v. Nelson,* 246 Ga. 216 (271 SE2d 137). The property was thereafter reconveyed to appellant in July, 1981 and, subsequently, appellant brought suit to recover the alleged damage to the property which occurred, according to the stipulation of the parties, in February and September 1980. Summary judgment was granted appellee on the ground that appellee had title and possession of the land when the damage was incurred. That judgment was reversed by this court in *Nelson v. Smothers,* 164 Ga. App. 112 (296 SE2d 214), because the judgment entered in the specific performance action and upon which the trial court relied when it entered summary judgment for appellee in the damages action was not included in the record. Thereafter, appellee again moved for summary judgment and attached a copy of the missing judgment to his affidavit in support of the motion. Summary judgment was again granted appellee on the ground that he had been the owner of the property at the time of the alleged damage, and this appeal ensued.

The trial court's order in the specific performance action read as follows: "Recognizing rights of appeal in this case, the plaintiff shall have . . . 120 days following final determination of all appeals in which to deposit the sum of . . . $131,764.50 . . . into the registry of the Court. Upon such sum being deposited into the registry of the Court, it is ordered, adjudged and decreed that the contract of April 7 . . . be specifically performed, and that the defendant convey to the plaintiff by general warranty deed good, valid and merchantable title in fee simple to the following described property . . ."

" 'To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass.' [Cits.]" *Coffin v. Barbaree,* 214 Ga. 149, 151 (103 SE2d 557). See also *Gen. Refractories Co. v. Rogers,* 240 Ga. 228, 232 (239 SE2d 795). Since appellee was in possession of the land, it is imperative to appellant's cause of action that he had title to the land when the damage was done. He argues that the order entered in the specific performance action was one of specific performance and acted as a deed to convey (OCGA § 9-11-70 (Code Ann. § 81A-170)) which related back to the date of the superior court's order once the Supreme Court affirmed that judgment. See OCGA §§ 5-3-7 (Code Ann. § 6-502), 9-12-89 (Code Ann. § 110-506). We cannot agree. The order made the reconveyance of the land to appellant contingent on appellant having paid a sum of money into the court registry. The court's order did not become a decree of specific performance until the contingency was met. As of February and September 1980, the stipulated times the damage occurred, appellant had not performed the action upon which the conveyance

of the property was contingent. Since appellant was not the owner of the property at the times the alleged damage was incurred, he could not maintain a lawsuit for injury to the realty, and the trial court was correct when it granted summary judgment in favor of appellee.

Appellant argues that the holdings in *Cooper v. Johnson,* 151 Ga. 608 (107 SE 849); *Tilley v. King,* 193 Ga. 602 (19 SE2d 281); and *Watkins v. Angier,* 99 Ga. 519 (27 SE 718), support his theory of relation back. However, none of these cases concerns a decree in which the specific performance of one party is made contingent on the action of the party seeking relief. In *Cooper,* the question was whether the incorporation of language now embodied in OCGA § 9-11-70 (Code Ann. § 81A-170) into the decree of specific performance affected the decree's validity. It was ruled that it did not. The Supreme Court held in *Tilley v. King,* supra, that the effect of present-day OCGA § 5-3-7 (Code Ann. § 6-502) was to put title to the disputed land in the plaintiff subject to divestiture should the lower court's ruling be reversed on appeal. That case, however, did not involve a contingent specific performance decree. In the present case, even if the judgment suspended by the appeal were put into effect, no title to the land would vest in the appellant until the contingency of payment was met, and he did not do that until after the alleged damage was suffered. Finally, *Watkins v. Angier,* supra, stands for the proposition that the judgment awarded a successful appellee is to be treated, for purposes of lien priority, as having been rendered on the date the judgment appealed from was entered. We have no argument with this theory of law; however, the priority of liens is not at issue in the case at bar.

In sum, the superior court's decree of specific performance was made contingent on action by appellant and was not effective until appellant took that action. Since appellant did not fulfill the contingency until after the alleged damage occurred, he did not own the land at that time and therefore was unable to bring the lawsuit for damages.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 22, 1983.

*William E. Smith,* for appellant.
*John W. Sheffield III,* for appellee.